IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
BONNIE FISH, et al.,            )
                                )
            Plaintiffs,          )
                                )
      v.                         )      No.  09 C 1668
                                )
GREATBANC TRUST COMPANY, et al., )
                                )
            Defendants.          )
```

## MEMORANDUM OPINION AND ORDER

Three of the defendants in this action ("Individual Defendants") have just filed their Answer to the First Amended Complaint ("FAC") brought against them and GreatBanc Trust Company. This sua sponte memorandum opinion and order is triggered by some problematic aspects of that responsive pleading.

To begin with, a flock of the Answer's paragraphs accurately invoke the formula prescribed in Fed. R. Civ. P. ("Rule") 8(b)(5) as the basis for a deemed denial. But having done so, defense counsel impermissibly follow that formulation with the phrase "and therefore deny them" (Answer ¶¶1-4, 6, 12, 25, 26, 29, 40, 52-55, 58 and 74). That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

Moreover, three of those paragraphs (Answer ¶¶25, 26 and 29) contain really impermissible quibbles as a predicate for calling Rule 8(b)(5) into play. Each of the words as to which defense counsel claim a lack of definitional precision has an obvious common-sense meaning in the context in which it is employed. Accordingly Answer ¶¶25, 26 and 29 are stricken, and Individual Defendants will be deemed to have admitted the corresponding FAC allegations unless an appropriate amendment to the Answer is filed on or before August 26, 2009.

Finally, Individual Defendants' laundry list of no fewer than 15 affirmative defenses ("ADs") violates the notice pleading principles applicable to defendants as well as plaintiffs in the federal system. In addition to their having to read and comply with the principles set out in this Court's App'x ¶5 to the opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001), defense counsel must flesh out those purported ADs in an informative way, so that plaintiffs' counsel and this Court are made aware of the predicate for such defenses. Absent such a filing on or before that same August 26 date, the ADs will be deemed to have been forfeited.

Indeed, defense counsel ought to pare down the laundry list to eliminate any that reflect only the recital of skeletal labels or that have no objective good faith basis under Rule 11(b) for

their assertion.[1]  In addition, defense counsel should be particularly mindful of the concept that the essential nature of an AD involves accepting as true the allegations of the adversary's pleading--for example, AD 7 is improper because it is directly at odds with the FAC's allegations (see FAC ¶¶7-9).[2]

This memorandum order has already spoken of a possible amendment to the Answer.  Because of the problems with the ADs as they have been advanced, the most sensible resolution is to strike all of them--and this Court does so--but without prejudice to reassertion of the proper ADs in proper form on the same timetable.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 12, 2009

---

[1] After all, if there is real substance to any AD that would require threshold treatment that might perhaps streamline the litigation, it is in everyone's interest for such an AD to be advanced up front via an appropriate motion.

[2] This example reflects no effort to be exhaustive on that subject.  It is defense counsel's obligation to make certain that each retained AD does not violate that fundamental principle.

3