IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BONNIE FISH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09 C 1668 |
| | ) | |
| GREATBANC TRUST COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

When this Court received the chambers copy of the August 10, 2009 Answer that had been filed by the three "Individual Defendants" in this action and found it necessary to issue a memorandum opinion and order ("Opinion") today, addressing some problematic aspects of that responsive pleading, it had occasion to print out the docket in this action. It then discovered to its surprise that on July 30 the other defendant--GreatBanc Trust Company ("GreatBanc")--had electronically filed its own Answer and Affirmative Defenses ("ADs") to the First Amended Complaint ("FAC").[1] This Court's minute clerk has printed out that GreatBanc pleading (Dkt. No. 66), and this memorandum opinion and order is issued sua sponte because of the even more troublesome aspects revealed by that pleading.

---

[1] For reasons that will become apparent hereafter, this Court is dead certain that it would have remembered GreatBanc's lengthy pleading if it had seen that document. Neither this Court's minute clerk nor anyone else in this Court's chambers has any recollection of seeing that bulky 38-page filing either--but more on this subject later.

As the Opinion has reflected, counsel for the Individual Defendants have been meticulous in tracking the formulation in Fed. R. Civ. P. ("Rule") 8(b)(5) that operates to give the responsive pleader the benefit of a deemed denial. But despite the ease with which that can be done, GreatBanc's counsel has inexplicably departed from that formulation in an impermissible way--see App'x ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). What that means is that Answer ¶¶1-5, 7-9, 12, 13, 22, 25, 26, 29, 31-35, 39, 48-51, 53-55, 58-65 and 80 must be rewritten. And while counsel are doing so, they must also eliminate the oxymoronic denial of those allegations as to which they have advanced bona fide disclaimers (a subject discussed in a bit more detail in Opinion at 1).

Moreover, three of the same paragraphs (Answer ¶¶25, 26 and 29) contain the same flaw that Opinion at 1-2 identified in the course of striking those paragraphs from Individual Defendants' Answer. Just as was said in Opinion at 2, GreatBanc will be deemed to have admitted the corresponding FAC allegations unless an appropriate amendment to its Answer is filed on or before August 26, 2009.

Before this opinion turns to the subject of GreatBanc's inappropriate handling of ADs, two defects that were not involved in Individual Defendants' Answer bear mention. Here they are:

    1. GreatBanc's Answer ¶¶26, 30, 67-69, 82 and 86-89

erroneously state that allegations characterized as "legal conclusions" need not be answered. Not so--see App'x ¶2 to <u>State Farm</u>. Those paragraphs of GreatBanc's Answer are also stricken, with leave granted to correct that error in the amended pleading to be filed by August 26.

2. GreatBanc's counsel also exhibit a lack of understanding of some truly fundamental concepts when they assert in Answer ¶¶11 and 14 that jurisdiction is lacking and venue is improper because the applicable statute of limitations has assertedly expired. Those paragraphs of the Answer are also stricken, with leave to replead on the same timetable.

Next, what Opinion at 2-3 said about Individual Defendants' use of ADs applies to GreatBanc's wholesale assertion of its ten purported ADs as well. Just as was the case with Individual Defendants' pleading, GreatBanc's ADs are stricken in their entirety, once again without prejudice to the reassertion of the proper ADs in proper form within the same time frame.[2]

Two more aspects of GreatBanc's pleading require further comment. First of those aspects involves a return to the subject

---

[2] There is one exception to this "without prejudice" provision. What is labeled as AD 3 is the equivalent of a Rule 12(b)(6) motion. If the FAC is really flawed by a failure to state a claim, that fundamental defect cannot be permitted to sit there like a ticking time bomb that would be fatal to this entire action. Hence any such contention on GreatBanc's part must be advanced now by a properly supported motion, failing which that contention will be forfeited.

(see n.1) of what is believed to be the nondelivery to this Court's chambers of a hard copy of the Answer and ADs, in direct violation of this District Court's LR 5.2(f). In that respect, after an extended period of warnings about such violations (as set out in this Court's website) had proved ineffective, this Court has adopted a policy of imposing fines for such nondelivery. Unless GreatBanc's counsel can promptly provide this Court with a photocopy of the first page of their responsive pleading bearing a "Received" stamp from this Court's chambers, which would show that some internal mishandling had taken place here (frankly an unlikely prospect, given the care exercised by this Court's staff in that respect), counsel will be fined $100 for that LR violation, with payment of the fine to be made to the "Clerk, U.S. District Court" on or before August 21.

    Lastly, there is no reason that GreatBanc should bear the cost of the manifold errors by its counsel identified in this opinion. No charge is to be made to GreatBanc by its counsel for the added work and expense incurred in correcting counsel's errors. GreatBanc's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: August 12, 2009