```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

```
BONNIE FISH, et al.,           )
                               )
               Plaintiffs,     )
                               )
     v.                        )     No.  09 C 1668
                               )
GREATBANC TRUST COMPANY, et al.,  )
                               )
               Defendants.     )
```

## MEMORANDUM

GreatBanc Trust Company ("GreatBanc") has noticed up for presentment on August 19 a joint motion ("Motion") of all defendants in this action--GreatBanc and three individuals who are charged with having violated their asserted fiduciary responsibilities to the Antioch Employee Stock Ownership Plan (the "ESOP") under ERISA. Defendants' Motion seeks to "hold this case in abeyance until the United States Bankruptcy Court for the Southern District of Ohio issues its ruling on a petition seeking enforcement of a Confirmation Order that would require the Plaintiffs to dismiss this case."

In addition to the Motion itself, defendants have tendered a thick Ex. A related to the Chapter 11 bankruptcy proceedings in jointly administered Bankruptcy Court Case Nos. 08-35741 through 08-35747 (proceedings about which this Court has had no prior information), comprising (1) a Bankruptcy Court motion by W. Timothy Miller as trustee of the Antioch Company Litigation Trust and (2) a host of other related documents. One of those other

documents is the 40-some page Bankruptcy Court order confirming the Plan of Reorganization, which identifies the "Debtors" as The Antioch Company, Antioch International, Inc., Antioch International-Canada, Inc., Antioch International-New Zealand, Inc., Antioch Framers Supply Company, zeBlooms, Inc. and Creative Memories Puerto Rico, Inc.

This Court's review of those documents--trustee Miller's motion and its accompanying Ex. A and other papers--discloses that they create some major unresolved concerns. Leave aside for the moment the basic question whether such an indirect route should be taken toward a result under which an Article I Bankruptcy Court should appropriately be acting to deprive an Article III court of its jurisdiction over a case pending before it.[1] This memorandum turns instead to the substance of the matter.

If trustee Miller believes that this Court should not be proceeding in a case properly before it, let him come into court <u>here</u> to present his position so that it may be fully considered by this Court. And it does not appear to be a satisfactory answer that trustee Miller is assertedly seeking to act not against this Court but rather against the plaintiffs in this

---

[1] No criticism is of course intended as to Bankruptcy Judge Guy Humphrey or his handling of the bankruptcy proceedings before him. Instead this memorandum targets what appear to be major inadequacies in trustee Miller's presentation.

2

action by getting an Ohio Bankruptcy Court to order them to dismiss this lawsuit. Singularly absent from the trustee's Bankruptcy Court motion is any showing that the plaintiffs here have submitted to the jurisdiction of that Bankruptcy Court (that may perhaps be the case, but it is surely a question that the trustee must answer before seeking an injunction against them that could subject them to contempt proceedings if they were not to comply). Just how would the trustee react if this Court were to consider entering an injunction ordering him--in a situation in which he has not filed an appearance before this Court--not to pursue his motion before the Bankruptcy Court on the ground that it would improperly interfere with this Court's exercise of its responsibilities in this case on its calendar?[2]

It should be emphasized that this Court is not expressing any view as to the ultimate sustainability of this action. But even apart from the just-voiced institutional considerations, trustee Miller owes both the Bankruptcy Court and this Court a better explanation of what he is now seeking to do.

This Court's examination of the trustee's motion suggests that it is based on a false premise that the claims advanced in

---

[2] This Court is, as always, keenly aware of the Supreme Court's teaching--in the abstention environment--that has spoken of "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" (Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)), a message repeated many times and in many contexts since then.

this action are "Litigation Claims"--a term of art under the definition quoted in his Motion ¶4--that belonged by assignment to the Litigation Trust. But Litigation Claims are there defined as "all claims, rights of action, suits or proceedings by any Debtor or Estate" (emphasis added), while the claims advanced in this case assert rights of the ESOP and its beneficiaries, not of any of the Debtors themselves.

There may perhaps be more to trustee Miller's position than meets the eye. But it is his burden to demonstrate that. From the very nature of what has been submitted to this Court,[3] it appears that such assertions as are set out in trustee's Motion ¶19 ("the Plan...requires Plaintiffs to dismiss the Fish Litigation because the claims they are pursuing belong to the Litigation Trust") and in trustee's Motion ¶25 are flawed ipse dixits. Again more is needed to justify what the trustee is seeking to do--and as indicated at the outset, that justification should be made before this Court rather than being tendered solely to the Bankruptcy Court in Ohio.

For that reason this Court contemplates the likely denial of the Motion to hold this action in abeyance. This memorandum is being issued in advance of the Motion's presentment date, both to

---

[3] Once again this memorandum should not be misunderstood as expressing any substantive views as to the viability of plaintiffs' claims here. But the resolution of the substantive legal questions in that respect are surely for this Court, not for the trustee to advance as his views alone.

4

apprise the parties litigant of the matters that they should be prepared to address at the time of presentment and in the hope of avoiding a premature ruling on trustee Miller's motion (for which purpose a copy of this memorandum is contemporaneously being transmitted to Bankruptcy Judge Humphrey).

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Date: August 17, 2009