IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE FISH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 09 C 1668 |
| | ) |
| GREATBANC TRUST COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This ERISA-based action asserts a breach of fiduciary duties in connection with the ill-fated Antioch ESOP Plan ("Plan"). It was initiated by four individuals (self-designated as "Participant Plaintiffs") who were Plan participants and, in that capacity, invoked ERISA §502(a)(2)[1] to institute "a representative action on behalf of the Antioch ESOP Plan" (current Participant Plaintiffs' Motion 1). That individuals-only lawsuit has since been expanded by the First Amended Complaint ("FAC") that added Evolve Bank & Trust ("Evolve"), trustee for the ESOP, as an added party plaintiff.

Although FAC ¶¶15-18 set out class allegations, Participant Plaintiffs say that portion of the pleading was advanced "[o]ut of an abundance of caution" (Participant Plaintiffs' Mem. 1)--and they have now moved for the ability to proceed without obtaining class certification. Defendants oppose that motion, and the

---

[1] This opinion will, as the parties have, cite to ERISA's internal section numbering--thus it refers to "Section 502(a)(2)" rather than to 29 U.S.C. §1132(a)(2).

issue has been teed up for resolution by this Court.

Participant Plaintiffs point to opinions by this Court's colleague Judge Pallmeyer (Waldron v. Dugan, 2007 WL 4365358 (N.D. Ill. Dec. 13)) and by its good friend Judge Crabb of the Western District of Wisconsin (Jesse v. Nagel Lumber Co., 2009 WL 2176649 (W.D. Wis. July 21)),[2] among other authorities, for the proposition that neither class treatment under Fed. R. Civ. P. ("Rule") 23 nor a derivative action under Rule 23.1 is required for individual plan participants to exercise the right conferred by Section 502(a)(2). But particularly in the context of this lawsuit, to permit the action to go forward without the type of protections provided by such means or their equivalent would be overly myopic.

At the substantive threshold of this action, the parties have posed a potentially dispositive statute of limitations issue, which will be controlled by identifying whose actual knowledge caused the three-year limitations clock prescribed by Section 413 to begin ticking. It would be totally unfair to have this Court's resolution of that issue operate "as a restricted railroad ticket, good for this day and train only" (as colorfully put by Justice Owen Roberts, dissenting in Smith v. Allwright, 321 U.S. 649, 665 (1944)). In the absence of some assurance that

---

[2] Participant Plaintiffs' counsel ought to do their homework a little better: Judge Barbara Crabb is obviously not a "he," as their Mem. 3 would have it.

2

the result of this action, which is after all brought <u>on behalf of the Plan</u> as the real party in interest, will bind <u>all</u> Plan participants (not just the Participant Plaintiffs), defendants would be faced with the prospect of multiple lawsuits and inconsistent rulings.[3]

Under the circumstances of the current controversy, all interests are far better served by following the lead of the Court of Appeals for the Second Circuit in <u>Coan v. Kaufman</u>, 457 F.3d 250, 259-61 (2d Cir. 2006), which had in turn followed the lead of the Supreme Court in <u>Mass. Mut. Life Ins. Co. v. Russell</u>, 473 U.S. 134 (1985). <u>Coan</u>, <u>id</u>. at 259 framed the subject in these terms:

> But, like the district court, we do not see how an action can be brought in a "representative capacity on behalf of the plan" if the plaintiff does not take any steps to become a bona fide representative of other interested parties. <u>Russell</u>, 473 U.S. at 142 n.9. It seems to us that the representative nature of the section 502(a)(2) right of action implies that plan participants must employ procedures to protect effectively the interests they purport to represent.

---

[3] This Court should not of course be misunderstood as ruling prematurely in defendants' favor on the limitations issue. It is rather that such a ruling for defendants in this case would stil leave them vulnerable to other lawsuits, while a ruling that the action is <u>not</u> barred by limitations would benefit the entire universe of Plan participants, either directly or under principles of offensive issue preclusion that could, for example, benefit other Plan participants who could thereafter sue to recover their individual damages attributable to fiduciary breaches that had impaired the value of their accounts in the Plan (in the latter respect, see <u>LaRue v. DeWolff, Boberg & Assocs., Inc.</u>, 128 S.Ct. 1020, 1026 (2008)).

3

Then the Coan court pointed to the omission of an initially proposed class action requirement in the enactment of the ERISA statute as calling for a quite different conclusion from that reached by Judges Pallmeyer and Crabb (id. at 260):

> The fact that Congress, having considered mandatory and permissive provisions relating to class actions, ultimately remained silent on the issue suggests to us that it deliberately declined to adopt any general rule as to whether class actions are mandatory or permissive. See 29 U.S.C. §1132(a)(2). But it does not mean that Congress intended to allow individual participants and beneficiaries to bring suit on behalf of an employee benefit plan without observing any procedural safeguards for other interested parties. It seems to us, rather, that Congress was content to leave the procedures necessary to protect absent parties, and to prevent redundant suits, to be worked out by parties and judges according to the circumstances on a case by case basis.

This Court concurs wholeheartedly in that view. Although it candidly sees no need for the parties to jump through the procedural hoops required for Rule 23 class certification, it holds that this action must be structured in a manner that will bind all Plan participants to the holdings ultimately reached by this Court (subject of course to all appellate rights on behalf of the nonprevailing litigants). It would seem in facial terms that Rule 23.1 would serve as an appropriate vehicle to that end, but this Court expects the parties to be prepared to discuss the most appropriate means at the next status hearing (previously set

4

for November 10).

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date:  November 5, 2009