IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
BONNIE FISH, et al.,            )
                                )
            Plaintiffs,         )
                                )
    v.                          )   No.  09 C 1668
                                )
GREATBANC TRUST COMPANY, et al., )
                                )
            Defendants.         )
```

MEMORANDUM ORDER

As their counsel had promised, defendants have noticed up for presentment on April 26 their Fed. R. Civ. P. ("Rule") 56 joint motion for summary judgment. Meanwhile plaintiffs' counsel has sought leave to file a Second Amended Complaint ("SAC"), and that motion has been fully briefed. For the reasons briefly stated here, no SAC is called for, and the Rule 56 motion will go forward in terms of the existing First Amended Complaint.

It requires no more than a brief reference to the claimed justification that has been advanced by plaintiffs' counsel to recognize the inherent fallacy in their argument. Here is the caption of the section of plaintiffs' Reply Memorandum that summarizes their theory:

> The Second Amended Complaint will not distract from the issues to be raised in the MSJ, but rather will assist the Court.

And that premise is sought to be fleshed out by this paragraph (plaintiffs' R. Mem. 2):

> The SAC specifically alleges the facts relevant to the SOL defense based upon information acquired from the

> document production by Duff & Phelps and Deloitte & Touche as well as from the deposition of Barry Hoskins conducted after this Court's Order of limited discovery. This SAC will assist the Court in identifying the applicable facts relating to the SOL defense and framing the issues for resolving the SOL dispute.

That of course is dead wrong. Rule 56(e)(2) states expressly that once a properly supported summary judgment motion has been tendered, the pleadings drop out of the picture entirely (except, of course, where the movant may have admitted something that the party opposing summary has alleged).

Thus an SAC can add nothing to the mix. To the extent that matters that might be alleged in such a pleading are expected to be taken into account, they must take the evidentiary form specified in Rule 56(e)(2).[1] Because no constructive purpose would thus be served by adding to the pleadings at this point, as contrasted with what is teed up for decision by the parties' compliance with this District Court's LR 56.1, plaintiffs' motion seeking leave to file an SAC is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 19, 2010

---

[1] That provision, which defines the obligation of the Rule 56 nonmovant, incorporates by reference the corresponding obligation of the Rule 56 movant that is set out in Rule 56(e)(1).

2