UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE FISH, et al.,<br><br>                       Plaintiffs<br>     vs.<br>GREATBANC TRUST CO., et al.,<br><br>                       Defendants | Civil Action No.<br><br>09 CV 1668 |

SECRETARY OF LABOR'S MOTION FOR LEAVE
TO FILE BRIEF AS AMICUS CURIAE
AND FOR LEAVE TO FILE A BRIEF OF 20 PAGES

     Under Local Rules 5.6 and 7.1, the Secretary of Labor ("Secretary") as amicus curiae moves for leave to file a brief of 20 pages (attached to this motion) in support of the plaintiffs' opposition to the defendants' motion for summary judgment in this action on an issue of statutory construction. In support of this motion, the Secretary, through her undersigned attorney, states as follows:

     1. The defendants in this case have moved for summary judgment on the basis of the three-year statute of limitations in section 413(2) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1113(2). Doc. 133. That limitations period commences when the plaintiff acquires "actual acknowledge" of a breach or violation.

     2. The question that the Secretary addresses as amicus curiae is whether a private ERISA plaintiff (i.e., a fiduciary of or, as in this case, a participant in an employee benefit plan) who does not personally have the requisite knowledge of a fiduciary breach nonetheless is subject to this three-year time bar based on imputing the actual knowledge of a non-party fiduciary.

     3. The Secretary has a strong interest in the judicial construction of ERISA's statute of limitations provisions as they apply in private actions and could be applied to the Secretary's own ERISA enforcement suits. The Secretary has primary enforcement and regulatory authority for

Title I of ERISA. See 29 U.S.C. §§ 1134, 1135; Sec. of Labor v. Fitzsimmons, 805 F.2d 682, 688-91 (7th Cir. 1986) (en banc). Because the issue addressed by the Secretary as amicus curiae could apply to any private ERISA suit that seeks to recover the plan's losses from a fiduciary breach, it may apply widely under Title I of ERISA. Given the large number of ERISA-covered employee benefit plans, civil actions brought by plan fiduciaries, participants, and beneficiaries under 29 U.S.C. § 1132(a) to remedy fiduciary breaches are an essential means of enforcing Title I of ERISA.

    4. Defendants' summary judgment briefs (Docs. 137 and 148) and plaintiffs' responsive brief in opposition (Doc. 145) join issue on the statutory construction question. The imputation question is a novel one for this Court and in this Circuit, and the Secretary believes that her views, based on her broad institutional experience and knowledge of ERISA, will substantially aid the Court's understanding of this issue and its implications for other cases that might present the same issue.

    5. The attached brief has 20 pages of text. The Secretary requests leave to file a brief longer than the 15-page standard in Local Rule 7.1 because of the broad scope of the statute of limitations issue presented and because of its importance to all private ERISA enforcement suits. The additional pages will permit an adequate presentation of the Secretary's views.

    6. Gary D. Greenwald, counsel for plaintiffs, has stated that plaintiffs consent to this motion. Julie A. Govreau, counsel for defendant GreatBanc Trust Co., has stated that defendant GreatBanc Trust Co. does not consent to this motion. Michael L. Scheier, counsel for

defendants Lee Morgan, Asha Morgan Moran, and Chandra Attiken, has stated that these three defendants do not consent to this motion.

## CONCLUSION

Wherefore, for the foregoing reasons, the Court should grant the Secretary of Labor as amicus curiae leave to file the attached brief, which totals 20 pages in length.

                                        Respectfully submitted.

                                        M. PATRICIA SMITH
                                        Solicitor of Labor

                                        TIMOTHY D. HAUSER
                                        Associate Solicitor

                                        NATHANIEL I. SPILLER
                                        Counsel for Appellate and
LOCAL COUNSEL:                        Special Litigation

_____      */s/ Peter B. Dolan*_____
RUBEN R. CHAPA                      PETER B. DOLAN
Trial Attorney                                    Senior Trial Attorney
Chicago Regional Office                   Plan Benefits Security Division
Office of the Solicitor                      Office of the Solicitor
U.S. Department of Labor               United States Department of Labor
230 South Dearborn Street, Room 844    P.O. Box 1914, Washington, D.C. 20013
Chicago, Illinois 60604                   Telephone: (202) 693-5612
(312) 353-6993                                   Telefax: (202) 693-5610
chapa.rubin@dol.gov                        dolan.peter@dol.gov

                                        Attorneys for the Secretary of Labor
                                          as Amicus Curiae

## CERTIFICATE OF SERVICE

I certify that, on June 25, 2010, I filed a copy of the foregoing

SECRETARY OF LABOR'S MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE AND FOR LEAVE TO FILE A BRIEF OF 20 PAGES

electronically by operation of the Court's electronic case filing system ("ECF"). Through the Court's ECF system, all parties to this action will receive service of this filing.

                                        /s/ *Peter B. Dolan*_____
                                        PETER B. DOLAN