UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| BONNIE FISH, et al., | ) |
|         Plaintiffs, | ) Case No. 1:09-cv-01668 |
| v. | ) |
| | ) Honorable Milton I. Shadur |
| GREATBANC TRUST COMPANY, an | ) |
| Illinois corporation, et al., | ) Magistrate Maria Valdez |
|         Defendants. | ) |

**GREATBANC TRUST COMPANY'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54**

Defendant GreatBanc Trust Company ("GreatBanc") through undersigned counsel, submit this memorandum in support of their Bill of Costs. In support, GreatBanc states as follows:

**I. PLAINTIFFS ARE LIABLE FOR GREATBANC'S COSTS**

On September 12, 2012, this Court granted GreatBanc's Renewed Motion for Summary Judgment and entered judgment in favor of GreatBanc and against Plaintiffs. (Dkt. Nos. 220, 221, 265, 267, 269.) GreatBanc is a prevailing party in this litigation.

Local Rule 54.1 provides that a prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party within 30 days of a judgment allowing costs. Local Rule 54.1(a). There is "a strong presumption that costs will be awarded to the prevailing party," and a District Court has broad discretion to award such costs. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *Little v. Mitsubishi Motors N. Am.*, 514 F.3d 699, 701 (7th Cir. 2007). The District Court should review a prevailing party's costs "under the presumption that costs-other than attorneys' fees-should be allowed to the prevailing party." *Am. Nat'l Ins. C. v. Citibank, F.S.B.*, 623 F. Supp. 2d 953, 955 (N.D. Ill. 2009), citing FED. R. CIV. P. 54(d)(1); *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir.

2008). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Sanglap v. LaSalle Bank, FSB*, 194 F. Supp. 2d 798, 801 (N.D. Ill. 2002). The prevailing party "is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *Gilbert v. City of Chicago*, No. 08cv4698, 2010 WL 3087453 at *1 (N.D. Ill., Aug. 4, 2010). Therefore, "[t]he losing party has the burden to affirmatively show that the prevailing party is not entitled to costs." *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991). "[T]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined." *Gholson v. Lewis*, No. 07 C 3694, 2009 WL 632131 at *2 (N.D. Ill. Mar. 10, 2009) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *see also Armstrong v. Amsted Industries, Inc.*, No. 01 C 2963, 2004 WL 2480998 at *1 (N.D. Ill. Nov. 3, 2004) ("Rule 54 costs are the norm").

Under Rule 54, the District Court may tax costs and expenses if they are authorized by a federal statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Costs that are allowable to GreatBanc are set forth at 28 U.S.C. Section 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-41 (1987). Below is a summary of the costs for which GreatBanc seeks reimbursement.

### A. Court Reporter Costs

This Court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. §1920(2). Taxable expenses within this category include costs related to deposition transcripts and costs related to court hearing transcripts. *See McDonald v. Vill. of Winnetka,* 2003 WL 1989656, at *1 (N.D. Ill. April 30, 2003) (costs for deposition transcripts recoverable); *Marcus & Millichap Real Estate Inv. Servs.*

*Inc. v. Sekulovski,* No. 07 C 5369, 2010 WL 145785, at *9 (N.D. Ill. Jan. 12, 2010) (transcripts of court hearings recoverable). GreatBanc requests court reporter costs in the amount of $32,113.23.

      1.      <u>Deposition Costs</u>

Exhibit A-1 (attached hereto) lists the depositions taken in the case and, with respect to each deposition, provides the deposition date, the witness name, any court reporter appearance fee charged to GreatBanc, the number of transcript pages and the amount paid for the per page transcript fee, any charges for videotaping depositions, the number of pages of deposition exhibits and per page rate charged for copies of those exhibits, and any delivery charges incurred. In most cases, the total amount requested by GreatBanc is substantially less than the amount actually paid by GreatBanc. In total, GreatBanc seeks $31,802.63 for costs related to the depositions.

Costs are recoverable for deposition transcripts, even if they were not introduced in court. "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Cengr v. Fusibond Piping Sys., Inc.,* 135 F.3d 445, 455 (7th Cir. 1998) (internal citation omitted). If a party intends to use a transcript in connection with the proceeding, especially with summary judgment, that transcript "was necessarily obtained for use in the case." *Id.* at 702.

GreatBanc engaged in targeted discovery and noticed depositions of parties and witnesses that were believed to have information relevant to GreatBanc's statute of limitations defense. The majority of the depositions taken were used in support of GreatBanc's motions for summary judgment. Remaining witnesses who were deposed by GreatBanc were employees and/or former employees of The Antioch Company with knowledge of the matters alleged in Plaintiffs'

complaint. Thus, all of the depositions for which GreatBanc seeks costs were reasonably necessary to the case.

a.   *Costs*

Deposition costs shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed. Local Rule 54.1(b) establishes $3.65 for original 30-day transcripts, $4.25 for an original 14-day transcript, and $6.05 for an expedited one-day delivery and $0.90 for copies, per page. The prevailing party may recover costs for the original of the transcript, the cost of one copy each where needed by counsel, and for depositions that cost of a copy provided to the court. Local Rule 54.1(b).

b.   *Costs of videotaped deposition transcripts*

The Seventh Circuit has held that "most transcripts of the video-recorded depositions" will be "necessarily obtained for use in the case." *Id., citing Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997); *Jacobs v. Univ. of Wis. Hosp. & Clinics Auth.*, 12 Fed. Appx. 386, 390 (7th Cir. 2001) (same); *Little v. Mitsubishi Motors N. Am.*, 514 F.3d at 701, 702 (costs of both video-recording and stenographic transcripts of the same deposition may be taxed); *see also SK Hand Toll Corp. v. Dresser Indust., Inc.*, 852 F.2d 936, 943-44 (7th Cir. 1988).

c.   *Costs for expedited transcripts*

Costs for expedited transcripts are recoverable if it was necessary and reasonable in the course of the litigation, such as upcoming court filings or motions. *Rexam Beverage Can Co. v. Bolger*, No. 06C2234, 2008 WL 5068824 at *8 (N.D. Ill., Nov. 25, 2008).

      d. *Costs of condensed/mini-transcripts/shipping charges*

Costs of condensed transcripts, court reporter attendance fees, shipping and handling charges, and charges for binding materials, also are recoverable. *Rexam Beverage Can Co.*, 2008 WL 5068824 at *9; *Chemtall GMBH v. ZR Energy, Inc.*, No. 99 C 4334, 2001 WL 1104604, at *25-26 (N.D. Ill. Sept. 18, 2001) (same); *Finchum,* 57 F.3d at 534 (upholding award allowing per diem and delivery charges by court reporter).

    2. <u>Court Hearing Transcript Costs</u>

Exhibit A-2 lists the court hearings for which GreatBanc ordered transcripts, and provides the hearing date, the number of pages, the amount paid, and the amount requested as part of this bill of costs. GreatBanc seeks $310.60 for costs related to transcripts of court hearings. Costs for transcripts of court hearings are recoverable where, as here, the Court made oral rulings on various matters and the transcripts were necessary to ensure that the Court's rulings were observed. *Marcus & Millichap Real Estate Inv. Servs., Inc.,* 2010 WL 145785, at *9 (transcripts of court hearings were necessary where "transcripts contained oral rulings of the court" and therefore "were necessary to ensure that the court's rulings were observed and to avoid unnecessary motion practice").

  **B.** **Copying Costs**

Exhibit B provides a detailed itemization of all costs GreatBanc seeks for the "costs of making copies" of materials "necessarily obtained for use in the case," which are recoverable under 28 U.S.C. §1920(4). GreatBanc seeks copying costs in the amount of $22,854.76.

Fees for exemplification and copies of papers necessarily obtained for use in the case include copies "attributable to discovery and the court's copies of pleadings, motions and memoranda." *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 916 F. Supp. 751, 763 (N.D. Ill. 1996).

Costs for copies used to prepare for depositions are taxable under Rule 54. *See Valmet Paper Machinery, Inc. v. Beloit Corp.*, No. 93-C-0587-C, 1995 WL 661241, at *1 (W.D. Wis. Aug. 15, 1995) (citations and internal quotation marks omitted); *Lisle Corp. v. A.J. Mfg. Co.*, No. 02 C 7024, 2004 WL 765872, at *3 (N.D. Ill. April 7, 2004) (awarding costs for copies made to prepare for depositions); *Lisle Corp. v. A.J. Mfg. Co.*, No. 02 C 7024, 2004 WL 765872, at *3 (N.D. Ill. April 7, 2004) (awarding costs for copies made to prepare for depositions).

C.     Witness Fees

Pursuant to 28 U.S.C. § 1920(3), GreatBanc seeks recovery of travel expenses and a subsistence allowance for the deposition testimony of Nancy Blair, a former member of The Antioch Company's Board of Directors and former employee of The Antioch Company who was the primary negotiator on behalf of The Antioch Company during the transaction at issue in Plaintiffs' complaint. Because Ms. Blair resides in Alberta, Canada, her deposition was necessary to preserve trial testimony and her travel expenses were agreed to in advance and apportioned equally among the parties.

Witnesses are entitled to payment for actual travel expenses for travel by common carrier. 28 U.S.C. § 1821(c)(1). GreatBanc seeks its portion of costs incurred by Nancy Blair to travel by air from Alberta, Canada to Dayton, Ohio. Witnesses are also entitled to a subsistence allowance when an overnight stay is required for their appearance. 28 U.S.C. § 1821(d)(1). The maximum amount of subsistence allowance is calculated by utilizing the per diem rate at the time of travel prescribed for Federal Government employees by the Administrator of General Services, pursuant to 5 U.S.C. § 5702(a) as prescribed by 28 U.S.C. § 1821(d)(2). The per diem allowance for Dayton, Ohio in May 2011 was $81 for lodging, $56 for a full day's subsistence, and $42 for subsistence on travel days. GreatBanc seeks $316 in witness fees. A copy of all

invoices and the FY 2011 per Diem Rates for Ohio and Meals and Incidental Expenses (M&IE) Breakdown from the U.S. General Services Administration are attached as Exhibit C.

## II. CONCLUSION

Wherefore, GreatBanc respectfully submits its bill of costs totaling $55,283.99 to be taxed against Plaintiffs.

Respectfully submitted,

By: /s/ Julie A. Govreau
Theodore M. Becker
Julie A. Govreau
Michael F. Derksen
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, 5th Floor
Chicago, Illinois 60601
Telephone: (312) 324-1000
Facsimile: (312) 324-1001

**CERTIFICATE OF SERVICE**

I, Julie A. Govreau, an attorney, certify that I served the foregoing <u>Memorandum in Support of GreatBanc Trust Company's Bill of Costs</u> by way of automatic notification using the Court's electronic filing system, on the following person:

>Charles R. Watkins at charlesw@dglawfirm.com
>David C. Ahlstrom at dahlstrom@ssdlaw.com
>Gary A. Gotto at ggotto@krplc.com
>Gary D. Greenwald at ggreenwald@krplc.com
>James Dyer at jdyer@ssdlaw.com
>Jon M. Sebaly at jsebaly@ssdlaw.com
>
>Michael L. Scheier at mscheier@kmklaw.com
>Amber M. Justice-Manning at ajustice@kmklaw.com
>Danielle M. D'Addesa at ddaddesa@kmklaw.com
>David T. Bules at dbules@kmklaw.com
>
>John Peirce Morrison at pete.morrison@klgates.com
>Joshua J. Heidelman at joshua.heidelman@klgates.com

on this 12th day of October, 2012.

>/s/ Julie A. Govreau