UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| BONNIE FISH, et al., | ) | |
| Plaintiffs, | ) | Case No. 1:09-cv-01668 |
| v. | ) | |
| | ) | Honorable Milton I. Shadur |
| GREATBANC TRUST COMPANY, an | ) | |
| Illinois corporation, et al., | ) | Magistrate Judge Maria Valdez |
| Defendants. | ) | |

**INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF BILL OF COSTS**

As prevailing parties, the Individual Defendants are entitled to an award of costs under Federal Rule 54(d). In the alternative, they are entitled to their costs under 29 U.S.C. §1132(g) as interpreted in *Hakim v. Accenture United States Pension Plan*, No. 08-cv-3682, 2012 U.S. Dist. LEXIS 142859 (N.D.Ill. Oct. 3, 2012). Nothing in the Plaintiffs' opposition to the Bill of Costs requires a different conclusion.

**I.    BACKGROUND INFORMATION**

    **A.    Plaintiffs' Allegations**

In March of 2009, Plaintiffs filed an ERISA claim in connection with a transaction that occurred in late 2003 (the "2003 Transaction"). The initial Complaint was filed by four Individual Plaintiffs, each a current or former employee of Antioch and participant in Antioch's ESOP. (Comp., Dkt. 1, ¶¶ 1-4.)

The Plaintiffs' initial Complaint claimed that the 2003 Transaction involved an improper tender offer of stock, and an alleged imprudent change to the ESOP account distribution policy.

Plaintiffs also claimed that the 2003 Transaction "predictably" caused a "stampede" of departing employees that allegedly decreased the value of ESOP accounts.[1]

Plaintiffs' counsel recognized a statute of limitations problem and filed a First Amended Complaint adding a successor trustee, Evolve, as a plaintiff. Evolve was not involved with Antioch until January 2008, and had no relation to the 2003 Transaction. (Dkt. No. 43, ¶5.) This Court later characterized the addition of Evolve as a "manipulative tactic" to improperly avoid the statute of limitations problems created by Plaintiffs' pre-2003 Transaction knowledge. (Dkt. No. 169, fn. 7.)

Like the initial Complaint, the Amended Complaint revealed a great deal about the extensive disclosures that were made to Plaintiffs in and around 2003. Antioch issued a November 14, 2003 Prospectus and Tender Offer to all shareholders and ESOP participants and letters and other information materials drafted by the Individual Defendants or GreatBanc explaining details of the transaction. The Individual Defendants and Antioch also provided detailed financial information to all ESOP participants, including Plaintiffs, between 2003 – 2005 reflecting Antioch's declining sales, revenues, and profits. All of these documents were referenced in the Amended Complaint as evidence of the alleged impropriety of the 2003 Transaction, in addition to the Plaintiffs' continued characterization of the financial decline of the company and employee exodus as "predictable" as early as 2003.

---

[1] Plaintiffs brought two claims under ERISA. The first claim, which this Court previously referred to as "Alleged Breach No. 1," was based on 29 U.S.C. §1106. (Dkt. No. 267, p. 7.) Section 1106 prohibits fiduciaries from causing an ERISA plan to engage in certain transactions with a "party in interest." Plaintiffs alleged that Antioch – not the ESOP – agreed to redeem the Individual Defendants' stock for too high a price, and this constituted a prohibited transaction under ERISA. The second claim, which this Court previously referred to as "Alleged Breach No. 2," was based on 29 U.S.C. §1104, which requires ERISA fiduciaries to act prudently.

**B.**     **This Court's Grant of Summary Judgment**

On September 12, 2012, this Court granted summary judgment to the Individual Defendants, holding that while it doubted the merits of at least one of Plaintiffs' claims, both claims were time-barred by either Plaintiffs' actual and direct knowledge or their willful blindness to the disclosures made by Defendants prior to the 2003 Transaction. In particular, the Court determined that Plaintiffs did not contest, and could not contest, the basic facts underlying Defendants' statute of limitations arguments. (Dkt. No. 267, p.20.) In fact, the Court expressly stated: "In this case the undisputed facts show that plaintiffs were willfully blind, not merely careless." (*Id.* at p.12.)

With regard to Plaintiffs' Section 1106 claim, this Court held: "[I]t is clear beyond cavil that plaintiffs had full disclosure of the parts of the transaction that they now claim were prohibited by Section 1106." (*Id.* at p.14) (emphasis added); *see also Brown v. American Life Holdings, Inc.,* 190 F.3d 856, 859-60 (8th Cir. 1999) ("knowledge of the transaction would be actual knowledge of the breach"). With regard to Plaintiffs' Section 1104 claim, the Court found: "What must control instead is evidence, and here there is objective evidence that puts the lie to plaintiffs' contention . . . Those sections [of the written pre-2003 Transaction disclosures] have plain common-sense descriptions of the facts underlying the alleged breach." (*Id.* at p.16.) This Court further determined that Plaintiffs' own allegations in their Complaint admitting the "predictable stampede" that "exacerbated the Company's repurchase obligations" and "drove the Company deeper into debt" undermined their positions with regard to their statute of limitations arguments. (*Id.* at p.17.) Beyond Defendants' statute of limitations arguments, this Court doubted the legitimacy of Plaintiffs' Section 1106 claim, characterizing Section 1106 as "an

inapt referent for the transaction." (*Id*. at p.7.) Therefore, this Court granted summary judgment to Defendants and dismissed Plaintiffs' claims with prejudice. (*Id*. at p. 20.)

### C.     Defendant's Bills of Costs

Pursuant to Federal Rule 54(d) and L.R. 54.1, GreatBanc and the Individual Defendants, as prevailing parties, each filed a Bill of Costs on October 12, 2012. (*See* Dkt. Nos. 276 and 277). Plaintiffs filed an opposition to the Bills of Costs. (*See* Dkt. No. 295). Plaintiffs do not object to any single cost item in the Bill of Costs.

## II.    LEGAL ARGUMENT

Under the well-settled standards, this Court should award the Individual Defendants the taxable costs detailed in their Bill of Costs under either Rule 54(d) or 29 U.S.C. § 1132.

### A.     Federal Rule 54(d)

#### 1.    Rule 54(d) Governs An Award Of Taxable Costs In This Action

This Court has expressly determined that Rule 54(d), not §1132(g)(1) as Plaintiffs suggest, applies to an award of taxable costs. *Comrie v. IPSCO, Inc*., No. 08cv3060, 2010 U.S. Dist. LEXIS 128217, at *5 (N.D.Ill. Dec. 2, 2010). Several times, the Seventh Circuit and district courts therein have resolved bills of cost in ERISA cases under Rule 54(d). *See White v. Sundstrand Corp*., 256 F.3d 580, 585-86 (7th Cir. 2001); *McIlveen v. Stone Container Corp*., 910 F.2d 1581, 1584 (7th Cir. 1990); *Holmstrom v. Metropolitan Life Ins. Corp*., 2011 U.S. Dist. LEXIS 58766 (N.D. Ill May 31, 2011); *Frahm v. Equitable Life Assu. Soc'y of the United States*, No. 93C0081, 2000 U.S. Dist. LEIXS 10406 (N.D. Ill. July 18, 2000); *Moriarty v. Gluekert Funeral Home, Ltd*., No. 95C2848, 1999 U.S. Dist. LEXIS 3373 (N.D. Ill. Mar. 11, 1999). In another case, the Seventh Circuit affirmed an award of costs under Rule 54(d) while affirming a denial of attorney's fees under a §1132(g) standard in the same opinion. *See Quinn v. Blue*

*Cross & Blue Shield Ass'n*, 161 F.3d 472, 478-479 (7th Cir. 1998). Accordingly, contrary to the Plaintiffs' suggestion in Opposition, Rule 54(d) provides the appropriate standard for the Court to evaluate the Bill of Costs.

2. Defendants are Prevailing Parties Entitled to Costs

Under Rule 54(d), a prevailing party "presumptively receives the costs of litigation and it is the losing party's burden to overcome this presumption." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *Little v. Mitsubishi Motors N. Am.*, 514 F.3d 699, 701 (7th Cir. 2007); *Johnson v. Target Corp.*, Nos. 10-3275 & 11-1761, 2012 U.S. App. LEXIS 13205, at *6 (7th Cir. June 27, 2012). Therefore, "[t]he losing party has the burden to affirmatively show that the prevailing party is not entitled to costs." *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991); *see also Beam v. Hunter*, No. 11-3386, 2012 U.S. App. LEXIS 20896, at *4 (7th Cir. Oct. 9, 2012). "[T]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined." *Gholson v. Lewis*, No. 07C3694, 2009 WL 632131 at *2 (N.D. Ill. Mar. 10, 2009) (quotation omitted). A prevailing party is "the party in whose favor judgment has been entered." *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 446 (7th Cir. 2007).

In this instance, Defendants are clearly the prevailing parties and therefore should receive the costs of this litigation under Rule 54(d). This Court's September 12, 2012 summary judgment on all counts is indisputably a favorable judgment to Defendants that dismissed all claims with prejudice. (*See* Dkt. No. 267). Thus, an award of costs is appropriate under Rule 54(d).

### 3. Plaintiffs Cannot Overcome The Presumption In Favor Of Awarding Costs

Plaintiffs' only argument against an award of costs is that some of the Individual Plaintiffs allegedly lack the financial capability to fulfill an award of costs against them. But, their arguments are unavailing. As this Court has observed: "Just as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit must have against their pocketbook, so must [the party claiming indigence] learn to exercise discretion and judgment in their litigious activity and accept the consequences of their costly lawsuits." *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994). Courts apply a two-part test to evaluate a losing party's claim of indigence, considering whether the losing party: "(1) is truly . . . indigent, and not merely a person with low income or limited financial resources; and (2) points to specific evidence demonstrating that she cannot pay now or in the future." *Tripplett v. IDHS*, No. 05C55, 2008 U.S. Dist. LEXIS 122897, at * 5 (N.D. Ill. Oct. 30, 2008) (quotations omitted).

To be indigent, a losing party must establish that "dire financial circumstances" make it "incapable of paying the court-imposed costs at this time or in the future." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (citations omitted). A losing party's indigence, however, "does not require the court to automatically waive costs to an unsuccessful litigant." *McGill*, 18 F.3d at 459. To the contrary, the losing party must put forth "sufficient documentation to support such a finding" of indigence, including "evidence in the form of an affidavit or other documentary evidence of income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635 (quotations omitted). Without such evidence, a court should not deny the prevailing party's costs on the grounds of indigence. *Id.* at 637; *see also Lopez v. City of Chicago*, No, 09C3349, 2012 U.S. Dist. LEXIS 49824, at *4 (N.D.Ill. Apr. 10, 2012).

The losing party's evidence must establish that it is unable to pay a judgment at the present time or in the future. *Id.* at 636. When a plaintiff has a current ability to work or may be gainfully

6

employed in the future, costs should not be denied. *Id.*; *see also Jenkins v. Spaargaren*, No. 09C3453, 2011 U.S. Dist. LEXIS 149148, at *4-5 (N.D. Ill. Dec. 28, 2011); *Jack-Goods v. State Farm Mut. Auto. Ins. Co.*, No. 01C6536, 2004 U.S. Dist. LEXIS 14228, at *4-5 (N.D. Ill. July 23, 2004). Further, a losing party may satisfy an award of costs in the future under a payment plan. *Tripplett*, 2009 U.S. Dist. LEXIS 122897, at *5-6. Even if the court determines the losing party is indigent, before denying costs, it must still consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised. *Id.* at *4.

In previous cases in this Court and the Seventh Circuit, costs have been awarded when the losing party faces far more daunting financial circumstances than Plaintiffs in this case, including: when the losing party is a prisoner who has no income or assets other than his inmate account with an average balance of $73.94 (*McGill*, 18 F.3d at 458-460); when the losing party has been unemployed for over a year and received food stamps, but fails to provide evidence that he cannot be gainfully employed in the future (*Lopez*, 2012 U.S. Dist. LEXIS 49824, at *4); when the losing party has $1,100 more in expenses than income per month and cannot return to his previous job due to disability, but fails to provide evidence that he cannot work in another field or in the future (*Jenkins*, 2011 U.S. Dist. LEXIS 149148, at *3-5); and, when the losing party and her husband were recently unemployed, exhausted all their savings and assets, and had their car repossessed, but failed to provide evidence that they might be unable to pay the judgment in the future (*Jack-Goods*, 2004 U.S. Dist. LEXIS 14228, *304).

Plaintiffs have failed to prove that they cannot pay Defendants' costs now or in the future. Their affidavits are inadequate under this District's standards. (*See* Dkt. Nos. 295-1 – 295-4). The Individual Plaintiffs' affidavits show that they all are employed, have been employed recently, or are capable of obtaining gainful employment in the future. They do not present any evidence or a schedule of expenses, other than scant details of a couple of individual

7

expenses that some of them may face. In fact, there is absolutely no evidence that any of the Individual Plaintiffs have expenses that outstrip their income or that they could not fulfill an order of costs in the future or under a payment plan.[2]

Further, contrary to Plaintiffs' suggestion, an award of costs against Plaintiff Evolve is appropriate. Defendants moved for summary judgment against all Plaintiffs, including Evolve. (Dkt. Nos. 221, 228). This Court entered summary judgment against all Plaintiffs. (Dkt. No. 267). Evolve has filed a notice of appeal to the Seventh Circuit Court of Appeals. (Dkt. No. 274). Thus, Plaintiffs' contention that an award of costs cannot be levied against Evolve is wrong. Because Defendants are prevailing parties, they are entitled to an award of costs under Rule 54(d).[3]

### B. Defendants Are Entitled To Costs Under 29 U.S.C. §1132(g)(1)

Courts hold that Section 1132(g)(1) does not supersede Rule 54(d) because it does not clearly prohibit an award of costs to a prevailing party. See *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888 (9th Cir. 2010); *Tussey v. ABB, Inc.*, 2012 WL 5386033 at *7 (W.D. Mo., Nov. 2, 2012) (awarding costs pursuant to 54(d) and ERISA); *Frerichs v. Hartford Life and Acc. Ins. Co.*, 2012 WL 3734124 (D. Minn., Aug. 28, 2012) (same). But because Plaintiffs argue that 29 U.S.C. §1132(g) provides the standard under which a court should judge Defendant's Bills of Costs, we will address that position.

---

[2] Moreover, the provision awarding costs in Rule 54(d) is not a new development and represented a risk to Plaintiffs from the very inception of this litigation. Nonetheless, Plaintiffs proceeded in this case, as this Court termed it, "willfully blind, not merely careless" with regard to the actions that triggered the statute of limitations. (Dkt. No. 267, p. 12.) Plaintiffs cannot proceed to litigate claims that were so clearly time-barred and then expect to shield themselves later by calling an award of costs unjust and unfair.

[3] Plaintiffs speculate that all Defendants' litigation costs have been paid by a third party, rendering an award of costs unjust. Plaintiffs' argument in this regard fails in two aspects. First, Plaintiffs do not cite any proof that all of Defendants' litigation costs have been paid by a third party. Second, Plaintiffs cite no precedent that precludes a court from awarding costs even if a third party has paid all or a portion of those costs.

Two months ago, this Court determined that if §1132(g) governs an award of taxable costs, the two-pronged test developed in *Hardt v. Reliance* (and cited by Plaintiffs) should not be used. *Hakim*, 2012 U.S. Dist. LEXIS 142859, at *20-21. Because the "common law treats costs differently than attorneys' fees," this Court determined that there is no precedent suggesting that "Congress intended to discourage an award of costs under §1132(g)," and that other ERISA-like remedial statutes allow an award of costs. *Id*. at *23. Therefore, this Court determined that only the first prong of the *Hardt* test applies to a bill of costs, including a "presumption in favor of" costs to "a party who has achieved some degree of success on the merits." *Id*. at *23.[4]

The Supreme Court has determined that to "achieve[] some degree of success on the merits," a party must establish that it has achieved more than a "trivial success or a purely procedural victory." *Reliance*, 130 S. Ct. at 2156. In its only opportunity to address the issue, this Court held that a defendant's victory on statute of limitations grounds, among others, constitutes some degree of success on the merits under ERISA. *Debartolo v. Health & Welfare Dep't of Constr. & Gen. Laborers' Dist. Council of Chicago*, No. 09CV0039, 2011 U.S. Dist. LEXIS 32764, at *18 (N.D. Ill. Mar. 28, 2011). Also pertinent, courts treat a dismissal on statute of limitations grounds as a judgment on the merits in other contexts. *See, e.g., Beyer v. Cormier*, 70 Fed. Appx. 903, 905 (7th Cir. 2003) ("[F]or res judicata purposes, a decision based on the statute of limitations is final judgment on the merits of a claim.").

Moreover, even without the statute of limitations bar, the Court doubted that Plaintiffs could legitimately pursue, much less succeed on, their Section 1106 prohibited transaction claim. (Dkt. No. 267, p.7.) The Court expressly questioned the merits of Plaintiffs' claim: "Section 1106 is an inapt referent for the transaction, because by plaintiffs' own admission the Plan never

---

[4] To the extent that this Court applies the two-pronged test, the same test used to determine the party's eligibility for and the appropriateness of attorney's fees, Defendants incorporate by reference the arguments submitted in their Motion for Attorney's Fees and Costs.

9

bought or sold anything . . . When a plan neither buys or sells anything, it's strange to characterize it as having participated in a transaction (either directly or indirectly)." (*Id*. at pp.7-8.) A claim of questionable merit that is also barred by the statute of limitations is particularly appropriate for an award of costs to the prevailing Defendants.

If Section1132(g)(1) governs the Court's award of taxable costs, summary judgment in favor of Defendants is a success on the merits and conferred a specific and distinct legal benefit upon Defendants – dismissal of all Plaintiffs' claims with prejudice.

### III. CONCLUSION

The Individual Defendants request that this Court grant them the taxable costs presented in their Bill of Costs.

Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Brian P. Muething (0076315)
Danielle M. D'Addesa (0076513)
David T. Bules (0083834)
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
bmuething@kmklaw.com
ddaddesa@kmklaw.com
dbules@kmklaw.com

*Attorneys for Defendants,*
*Lee Morgan, Asha Moran, Chandra Attiken,*
*Marty Moran, Lee Morgan GDOT Trust #1,*
*Lee Morgan GDOT Trust #2, Lee Morgan*
*GDOT Trust #3, Lee Morgan Pourover Trust*
*#1, and Lee Morgan Pourover Trust #2*

## **CERTIFICATE OF SERVICE**

I, Michael L. Scheier, an attorney, certify that I served the foregoing by way of automatic notification using the Court's electronic filing system, on the following persons:

>Charles R. Watkins at charlesw@dglawfirm.com
>David C. Ahlstrom at dahlstrom@ssdlaw.com
>Gary A. Gotto at ggotto@krplc.com
>Gary D. Greenwald at ggreenwald@krplc.com
>James Dyer at jdyer@ssdlaw.com
>Jon M. Sebaly at jsebaly@ssdlaw.com
>
>Michael L. Scheier at mscheier@kmklaw.com
>Brian P. Muething at bmuething@kmklaw.com
>Danielle M. D'Addesa at ddaddesa@kmklaw.com
>David T. Bules at dbules@kmklaw.com
>
>John Peirce Morrison at pete.morrison@klgates.com

on this 13th day of December, 2012.

>/s/ Michael L. Scheier_____
>Michael L. Scheier

4677463.2