IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE FISH, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>GREATBANC TRUST COMPANY, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 09 cv 1668<br><br>Judge Thomas M. Durkin |

**DEFENDANT MORGAN FAMILY FOUNDATION'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE FOURTH CLAIM FOR
RELIEF IN PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant The Morgan Family Foundation (the "Foundation") files this memorandum in support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.　INTRODUCTION**

The Plaintiffs' allegations do not plead a viable claim against the Foundation under ERISA § 502(a)(3) and their sole claim against the Foundation should therefore be dismissed.

The law is clear. As this Court recently held on facts similar to those alleged in Plaintiffs' Second Amended Complaint, ERISA § 502(a)(3) does not provide equitable relief against a non-fiduciary defendant like the Foundation that, as here, is not alleged to have received assets from an Employee Stock Ownership Plan or Trust ("ESOP"). *See Neil v. Zell*, No. 08-C-6833, 2010 U.S. Dist. LEXIS 80744 (N.D. Ill. Aug. 9, 2010). In other words, to survive a motion to dismiss, the complaint must allege that the non-fiduciary is or was in possession of ESOP assets that it directly received from the ESOP or from a third party. This is because the scope of § 502(a)(3) does not extend its equitable reach to non-ESOP assets at all, much less to non-ESOP assets in the possession of an entity that is not alleged to have even participated in the underlying breaches of fiduciary duty or the purported prohibited transaction

that are the basis for Plaintiffs' claims against the other Defendants. Here, the Plaintiffs do not—and cannot—allege that the Foundation ever received ESOP assets.

The allegations in the Second Amended Complaint concern a 2003 transaction through which Defendants Lee Morgan and Asha Moran tendered non-ESOP shares of The Antioch Company ("Antioch" or the "Company") to the Company in exchange for cash from Antioch's treasury (the "Corporate Cash"). Plaintiffs do not allege that the Foundation participated in any way in this tender offer which Plaintiffs claim was a prohibited transaction under ERISA § 406, and they do not allege that the Foundation was a "party in interest" to that transaction as that term is defined in ERISA § 3(14). Rather, the Plaintiffs only allege that subsequent to the 2003 transaction, Mr. Morgan and Ms. Moran transferred to the Foundation a portion of the Corporate Cash that they received as consideration in the tender offer. Plaintiffs seek the imposition of a constructive trust pursuant to ERISA § 502(a)(3) not over any ESOP assets, but instead over the Corporate Cash that the Defendants allegedly donated to the Foundation to fund its charitable mission after the tender offer closed. Based on these facts, assumed true for purposes of the Rule 12(b)(6) Motion only, Plaintiffs do not state a claim against the Foundation under *Neil* and myriad other authorities discussed below, in Section IV.A.

Stripped of its ERISA § 502(a)(3) facade, Plaintiffs' allegations against the Foundation amount to the premature pursuit of a post-judgment legal remedy against a third party non-fiduciary to satisfy a compensatory damage award they have not yet and may never obtain against ERISA fiduciaries. ERISA § 502(a)(3), however, does not provide an avenue for Plaintiffs to prematurely litigate a post-judgment collection remedy under the guise of an ERISA equitable claim.

The Court should dismiss the Foundation from this case.

## II. FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT

Plaintiffs allege that in 2003 the Company's financial advisor, Deloitte & Touche, developed a transaction whereby the Company would cash-out its non-ESOP shareholders, including Individual Defendants Lee Morgan, Asha Moran, and Chandra Attiken, through a tender offer and stock purchase transaction (the "Transaction"). (Second Amended Complaint at ¶ 46). The transaction "would be financed *entirely* by use of the Company's cash and the Company's borrowings." (*Id.* at ¶ 46) (emphasis added).

In December 2003, all non-ESOP shareholders agreed to the tender offer, exchanging their shares of Company common stock for either cash or a combination of cash, notes, and warrants. (*Id.* at ¶¶ 86-87). The Company paid the non-ESOP shareholders consideration for their stock by using $46 million of cash from the Antioch treasury, plus an additional $109 million that Antioch borrowed from a consortium of lenders. (*Id.* at ¶ 89). There are no allegations that ESOP assets were pledged as security or otherwise used in this transaction. In fact, Plaintiffs specifically allege that the ESOP's independent trustee, co-Defendant GreatBanc, agreed that the ESOP would not in any way participate in the transaction. (*Id.* at ¶ 81).

Plaintiffs allege that after the transaction closed, Defendants Lee Morgan and Asha Moran used some $40 million of the Corporate Cash that they received from the Company as tender offer consideration to fund the Foundation. (*Id.* at ¶ 144). There are no allegations that the Foundation received any ESOP assets, or that it was a "party in interest" to the transaction as that term is defined in ERISA § 3(14), or was an ERISA fiduciary.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide well-pleaded factual allegations

3

showing that the pleader is plausibly entitled to relief, "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When a complaint fails to allege a viable legal claim, dismissal is proper on Rule 12(b)(6) grounds. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Additionally, plaintiffs may "plead themselves out of court by alleging facts that establish a defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

## IV. ARGUMENT

Plaintiffs seek to impose a constructive trust over the Company Cash pursuant to ERISA § 502(a)(3) because that asset was purportedly derived from a prohibited transaction under ERISA § 406. (Second Amended Complaint ¶¶ 141, 151). *See* 29 U.S.C. § 1106. Even assuming that the 2003 transaction was prohibited under ERISA § 406, and further accepting as true Plaintiffs' allegation that the Foundation knew the assets it received were obtained in that prohibited transaction, no viable § 502(a)(3) claim can be maintained against the Foundation because it received no ESOP assets.

### A. Equitable Relief Under ERISA § 502(a)(3) Is Improper Against a Non-Fiduciary That Did Not Receive Plan Assets

In *Harris Trust & Savs. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000), the Supreme Court held that although ERISA § 502(a)(3) provides plaintiffs with an equitable remedy against non-fiduciaries, the scope of that remedy is limited to non-fiduciaries that are or were in possession of plan or trust assets. The Court noted that under the common law, which serves as "a starting point for analysis [of ERISA]," "it has long been settled that when a trustee

4

in breach of his fiduciary duty to the beneficiaries transfers trust property to a third person, the third person takes the property subject to the trust, unless he has purchased the property for value and without notice of the fiduciary's breach." *Harris Trust*, 530 U.S. at 250 (quotations and citations omitted). In such instances, the beneficiary of a trust may "maintain an action for restitution of [trust] property (if not already disposed of) or disgorgement of proceeds (if already disposed of), and disgorgement of the third person's profits derived therefrom." *Id.*

Particularly relevant to this Motion, although the Supreme Court acknowledged that an equitable remedy such as a constructive trust could be imposed to require a non-fiduciary to return trust property or disgorge profits received from the sale of trust property, it emphasized that "[o]nly a transferee of ill-gotten trust assets may be held liable, and then only when the transferee (assuming he has purchased for value) knew or should have known of the existence of the trust and the circumstances that rendered the transfer in breach of the trust." *Id.* at 251. Thus, the Court determined that the "appropriate equitable relief" against a non-fiduciary available under § 502(a)(3) is "an action for restitution against a transferee of tainted plan assets." *Id.* at 252. Plaintiffs acknowledge as much, citing *Harris Trust* in their Second Amended Complaint for the proposition that a constructive trust remedy is appropriate for the "misappropriation of plan assets." (Second Amended Complaint at ¶ 149).

In this Court, Judge Pallmeyer recently applied the principles of *Harris Trust* and dismissed a complaint to recover corporate assets from a non-fiduciary transferee under § 502(a)(3) as the Plaintiffs attempt to do here. In *Neil v. Zell*, No. 08 C 6833, 2010 U.S. Dist. LEXIS 80744 (N.D. Ill. Aug. 9, 2010), the plaintiff participants in the Tribune Company's ESOP sought the equitable remedies of constructive trust, equitable lien, or disgorgement pursuant to § 502(a)(3) for payments made by the Tribune Company to defendant Samuel Zell and the

defendant entity he controlled, EGI-TRB. Zell had proposed one of the transactions that transformed Tribune from a publicly traded company to a private, employee-owned one, which involved, among other things, investment in Tribune by EGI-TRB, which gave Zell a seat on Tribune's Board and the power to choose two other members of the board. *Id.* at \*4. The plaintiffs alleged that various payments of Tribune's corporate assets to Zell and EGI-TRB as part of the transaction should be disgorged pursuant to § 502(a)(3) because of their "knowing participation in a fiduciary breach or by engaging in a prohibited transaction." *Id.* at \*7. Plaintiffs' theory was that under § 502(a)(3) they could recover "*any* profits" the defendant non-fiduciaries received as a result of their knowing participation in a fiduciary breach and/or engaging in a prohibited transaction, including restitution and disgorgement of assets unjustly transferred from the ESOP-owned company. *Id.* at \*\*7-8 (emphasis in original).

Judge Pallmeyer rejected this theory. She distinguished the cases that the *Neil* plaintiffs cited to support their § 502(a)(3) claim, stressing that the Tribune (the ESOP-owned company) was not a party in *Neil* as the ESOP company transferor was in the cited cases. *Id.* at \*8.[1] Because, as with Antioch in this case, Tribune was *not* a party to the litigation, the Court concluded that it could not "order relief that would involve repayment of funds that originated with Tribune." *Id.* Judge Pallmeyer reasoned that plan participants may typically bring suit for relief on "behalf of the plan but not on behalf of some other entity." *Id.* at \*7. Thus, even though Zell and EGI-TRB were alleged to have knowingly participated in fiduciary breaches and a prohibited transaction (like the allegations against Mr. Morgan and Ms. Moran), Judge

---

[1] The two cases are *Johnson v. Couterier*, 572 F.3d 1067 (9th Cir. 2009) and *Chao v. USA Mining, Inc.*, No. 1:04-CV-1, 1:04-CV-138, 2007 U.S. Dist. LEXIS 55998 (E.D. Tenn. 2007). Plaintiffs cite *Johnson* in their Second Amended Complaint to support their purported right to § 502(a)(3) relief against the Foundation. (Second Amended Complaint at ¶ 147). We address *Johnson* in more detail below in section IV.B.

Pallmeyer held that "all [§ 502(a)(3)] claims for relief in the nature of returning property that originated with Tribune must be dismissed." *Neil*, 2010 U.S. Dist. LEXIS 80744 at 8.[2]

Here, as in *Neil*, the assets that are the target of Plaintiffs' equitable claim were indisputably assets of the Company, and not the ESOP. The Foundation received no ESOP assets, and therefore like the defendants in *Neil*, cannot legally (or really even logically) be ordered under § 502(a)(3) to "return whatever plan assets it obtained" since it is not alleged to have obtained any. Also like the Tribune Company in *Neil*, the Antioch Company is not a party to this litigation and like Judge Pallmeyer, this Court may not "order relief that would involve repayment of funds that originated with [Antioch]." *Neil*, 2010 U.S. Dist. LEXIS 80744 at *8. Moreover, unlike the non-fiduciary defendants that were dismissed in *Neil*, the Foundation is not even alleged to have participated in the purported prohibited transaction. *Id.* at *7. Thus, as in *Neil*, the § 502(a)(3) claim against the Foundation "for relief in the nature of returning property that originated with [the Company] must be dismissed." *Id*. at *8.

Decisions from outside this District are in accord. For example, in *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816 (6th Cir. 2007), the Sixth Circuit rejected the plaintiffs' attempt to impose a constructive trust pursuant to § 502(a)(3) over funds transferred from the defendant company to a "lock box" account of the defendant non-fiduciary transferee company. The Court relied upon *Harris Trust* and reasoned that a constructive trust pursuant to § 502(a)(3) is only appropriate where "Plan assets are wrongfully transferred to a non-fiduciary." *Id.* at 834 (emphasis added). Thus, the court held that plaintiffs "cannot obtain relief under § 502(a)(3) because there is no evidence in the record suggesting that [the non-fiduciary defendant] ever held misappropriated Plan assets in their 'lock box' account." *Id.* at 835.

---

[2] In doing so she followed her conclusion in a prior *Neil* case opinion that the "typical equitable relief [available to plaintiffs] would be an order requiring the party to return whatever plan assets it obtained." *Neil v. Zell*, 677 F. Supp. 2d 1010, 1022 (N.D. Ill. 2010).

In *Eslava v. Gulf Tel. Co.*, No. 04-0297-KD-B, 2007 U.S. Dist. LEXIS 44165 (S.D. Ala. Jun. 18, 2007), the District Court relied upon *Harris Trust* to hold that § 502(a)(3) relief was unavailable to recover funds transferred to a non-fiduciary because they were not ESOP assets. In *Eslava*, the plaintiffs sought to recover what they claimed was the "full value" of a 50% interest in the company DiGiPH. *Id.* at *24. The 48.22% ESOP-owned company GCSI held this 50% interest in DiGiPH, and plaintiffs alleged it was wrongfully sold by GCSI below fair market value to Millry, a non-fiduciary third-party. Plaintiffs argued they were entitled to relief from Millry under § 502(a)(3) because it deprived them of the full "proceeds of the sale of GCSI's DiGiPH stock [that] was part of the consideration to be ultimately received by the ESOP for their GCSI shares" in the subsequent merger. *Id.* at *25. But based on the law articulated in *Harris Trust* and the fact that Millry "did not engage in any transaction with the ESOP" and "DiGiPH was not a plan asset at the time it was sold to Millry," the court dismissed the § 502(a)(3) claim, stating "Millry does not possess any funds or assets that are subject to restitution or disgorgement." *Id.* at *28.

Similarly, in *In re Pfizer Inc.* ERISA *Litig.*, No. 04 Civ. 10071, 2009 U.S. Dist. LEXIS 22637, *45 (S.D.N.Y. Mar. 20, 2009), the Court dismissed § 502(a)(3) claims, reasoning that plaintiffs "do not seek restoration of particular funds or property held by or traceable to the Plans, or subject to equitable liens for the benefit of the Plans, but rather reimbursement of funds obtained by Defendants through sales of their own Company Stock . . . . [which] is akin to money damages, the classic type of legal relief." *Accord Carlson v. Principal Life Ins. Co.*, No 01-CV-0581 (JFB), 2006 U.S. Dist. LEXIS 70404, at *4 (E.D.N.Y. Sept. 28, 2006) (holding on remand that a non-fiduciary was not a proper defendant under § 502(a)(3), even assuming it had actual knowledge of the alleged ERISA violation, as plaintiff had "ignore[d] the first prong of

the *Harris Trus*t test – that [defendant] must be 'a transferee of ill-gotten trust assets'") (citations omitted).

Similar to the results and reasoning in the foregoing cases, Plaintiffs' § 502(a)(3) claim against the Foundation should be dismissed because they do not allege that the Foundation ever received ESOP assets. To the contrary, Plaintiffs admit that the funds that they allege were transferred to the Foundation consisted solely of the Company's Corporate Cash. (Second Amended Complaint at ¶¶ 46, 89). Plaintiffs' allegations on this point are clear and unequivocal. Plaintiffs make no allegation that "Plan assets [were] wrongfully transferred to [the Company]" or that the Foundation "ever held misappropriated Plan assets." *Pfahler*, 517 F.3d at 835. Accordingly, the Foundation "does not possess any funds or assets that are subject to restitution or disgorgement" under § 502(a)(3), and Plaintiffs' Fourth Claim for Relief must be dismissed. *Enslava*, 2007 U.S. Dist. LEXIS 44165 at *28.

Although couched in equitable terms of disgorging "unjust benefits," Plaintiffs do not seek the return of any identifiable ESOP assets or ESOP assets traceable to the Foundation. Rather, Plaintiffs seek "monetary relief for [] losses their plan [purportedly] sustained" as a result of the Transaction, which is "the classic form of legal relief." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993). Plaintiffs' attempt to recover "reimbursement of funds obtained by [the individual] Defendants through sales of their own [Company] [s]tock" and subsequently transferred to the Foundation is "akin to money damages, the classic type of legal relief," and thus "fail[s] to state [a] claim[] for relief under section 502(a)(3) of ERISA." *In re Pfizer*, 2009 U.S. Dist. LEXIS 22637 at **46-47.

Based on the foregoing cases, the Plaintiffs' equitable claim under ERISA § 502(a)(3) against the Foundation should be dismissed.

9

### B. The Cases Cited in Plaintiffs' Second Amended Complaint Do Not Support a Claim For § 502(a)(3) Relief Against A Non-Participant, Non-Fiduciary, Non-Party In Interest That Received No Plan Assets

In their Second Amended Complaint, Plaintiffs cite two cases from the Ninth Circuit that purportedly support their claim to equitable relief against the Foundation under § 502(a)(3) -- *Amalgamated Clothing & Textile Workers Union v. Murdock*, 861 F.2d 1406 (9th Cir. 1988) and *Johnson v. Couturier*, 572 F.3d 1067 (9th Cir. 2009). (Second Amended Complaint at ¶ 147). Those cases are not on point.

The cases Plaintiffs cite involved: 1) a fiduciary that allegedly profited from his breaches of fiduciary duty in a transaction he engineered using ESOP assets, *see Amalgamated Clothing & Textile Workers Union v. Murdock*, 861 F.2d 1406 (9th Cir. 1988); and 2) fiduciaries that allegedly breached their duties by diverting some $35 million in excessive and unwarranted compensation from the 100% ESOP-owned holding company to the company's president, both of which were named as defendants in the action, *see Johnson v. Couturier*, 572 F.3d 1067 (9th Cir. 2009). The allegations in these cases stand in stark contrast to Plaintiffs' allegations regarding the Foundation. Plaintiffs do not allege the Foundation was anything other than a passive non-fiduciary and complete stranger to the ESOP, the ESOP's assets, and the alleged underlying fiduciary breaches by the other named Defendants. Likewise, Plaintiffs do not allege the Foundation was involved in any way with the allegedly prohibited transaction, and have not named Antioch as a defendant. The cases Plaintiffs cite do not support a cognizable claim for equitable relief under § 502(a)(3) against the Foundation and their claim against the Foundation should be dismissed.

### C. Plaintiffs Seek To Bring A Premature State Law Collection Action

Without a cognizable § 502(a)(3) claim, Plaintiffs have no basis to maintain an action against the Foundation in this Court at this time. By targeting the Foundation, which was never

10

alleged to be in possession of ESOP assets and against which they therefore have no equitable claim under § 502(a)(3), Plaintiffs are effectively seeking what can only be deemed as a post-judgment collection action against a third party to satisfy a compensatory damages award that has not been, and may never be, obtained. In the unlikely event the other Defendants are ultimately found liable to Plaintiffs for damages and are unable to satisfy that judgment, Plaintiffs are not left without recourse – at that time they can attempt to collect compensatory damages from the Foundation in a state law collection action. The equitable remedies of § 502(a)(3), however, do not provide an avenue for Plaintiffs to prematurely seek such post-judgment relief now.

## V. CONCLUSION

For all of the reasons discussed above, the Foundation requests that the Court dismiss the Plaintiffs' sole claim against the Foundation asserted in Plaintiffs' Second Amended Complaint.

Dated: September 19, 2014                                  Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier
Benjamin G. Stewart
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH  45202
Telephone:  (513) 579-6952
Facsimile:  (513) 579-6457
mscheier@kmklaw.com
bgstewart@kmklaw.com

Counsel for Defendant Morgan Family Foundation

11

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 19, 2014, I caused true and correct copies of the foregoing Defendant Morgan Family Foundation's Memorandum Of Law In Its Support Of Motion To Dismiss The Fourth Claim For Relief In Plaintiffs' Second Amended Complaint to be filed electronically using the Court's CM/ECF system and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date. This document is available for viewing and downloading on the CM/ECF system.

Dated: September 19, 2014　　　　　　　　　　/s/ Michael L. Scheier
　　　　　　　　　　　　　　　　　　　　　　Counsel for Defendant Morgan Family
　　　　　　　　　　　　　　　　　　　　　　Foundation

5672302