**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BONNIE FISH, *et al*,<br>    Plaintiffs,<br>v.<br>GREATBANC TRUST COMPANY, *et al*,<br>    Defendants. | Case No. 09 cv 1668<br><br>Hon. Jorge L. Alonso |

**JOINT STATUS REPORT**

Plaintiffs and Defendants submit this Joint Status Report upon reassignment of the case to this Court. This case was dormant from September 12, 2012 when Judge Shadur granted summary judgment in favor of Defendants on statute of limitations grounds until the Seventh Circuit reversed and remanded this case by a Mandate issued on July 7, 2014. (Doc. No. 359) *See Fish v. GreatBanc Trust Co.,* 749 F.3d 671 (7th Cir. 2014). On July 9, 2014, this case was reassigned to Judge Thomas Durkin. (Doc. No. 361). With Leave of Court, Plaintiffs filed their Second Amended Complaint on August 27, 2014. (Doc. No. 380). The newly added party, The Morgan Family Foundation (the "Foundation"), moved to dismiss the Fourth Claim for Relief in the Second Amended Complaint on September 19, 2014. (the "Motion to Dismiss, " Doc. No. 386). The Motion to Dismiss is now fully briefed and ripe for decision. The case is set for a 3-5 week bench trial on November 2, 2015.

**I.    Nature of the Case**

    **A.    Attorneys of record for each party.**

For Plaintiffs:

| *Sebaly Shillito + Dyer* | *Guin, Stokes & Evans, LLC* | *Keller Rohrback, LLC* |
|---|---|---|
| James Dyer | Charles Watkins | Gary Greenwald |

| For Individual Defendants: | For GreatBanc: |
|---|---|
| *Keating Muething & Klekamp PLL* | *Drinker Biddle & Reath, LLP* |
| Michael L. Scheier | Theodore M. Becker |
| Danielle M. D'Addesa | Julie A Govreau |
| Benjamin G. Stewart | Mark E. Furlane |
| Anthony M. Verticchio | |

    **B.    Basis for federal jurisdiction.**

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and ERISA § 502(e).

    **C.    Nature of the claim(s) and any counterclaims(s).**

**Error! Unknown document property name.Error! Unknown document property name.**

ACTIVE/ 78676891.1

Plaintiffs' assert three claims against Defendants GreatBanc & Trust, Lee Morgan, Asha Morgan Moran and Chandra Attiken (the "Transaction Defendants"). These claims arise out of a transaction in 2003 (the "2003 Transaction") where The Antioch Company became wholly-owned by the existing The Antioch Company Employee Stock Ownership Plan (the "Antioch ESOP"). Plaintiffs allege that the 2003 Transaction was a prohibited transaction under ERISA §406, and that the Transaction Defendants breached their fiduciary duties under ERISA §404 in a variety of ways. Plaintiffs further allege that the Transaction Defendants are liable as co-fiduciaries pursuant to ERISA §405. In the Second Amended Complaint, Plaintiffs also allege an equitable claim for a constructive trust against the Foundation under ERISA §502(a)(3) arising from the alleged gratuitous transfer to the Foundation of over $40 million of proceeds from the 2003 Transaction by Defendant Lee Morgan.

### D. Relief sought by Plaintiffs.

Plaintiffs are seeking money damages and equitable remedies in excess of $50 million.

### E. Names of any parties who have not yet been served.

None.

## II. Discovery and Pending Motions

### A. Description of all pending motions, including the date the motion was filed and the briefing schedule, and whether any of the pending motions have been mooted, no longer require a ruling, or have been ruled upon yet still have a "pending" status on the docket.

The Foundation filed a Motion to Dismiss the Fourth Claim for Relief in Plaintiff's Second Amended Complaint (the only claim asserted against the Foundation) on September 19, 2014. (Doc. No. 386). Plaintiffs filed their Memorandum in Opposition on October 10, 2014. (Doc. No. 390). The Foundation filed its reply on October 24, 2014. (Doc. No. 391). The Motion to Dismiss is fully briefed.

### B. Discovery that the parties have conducted, any discovery that remains, discovery schedules, and whether the parties anticipate that they will complete discovery according to the current deadlines.

Judge Shadur never entered a discovery schedule in this case, but on October 30, 2009 limited discovery to matters relating to whether any plan fiduciary had knowledge sufficient to trigger ERISA's three year statute of limitations. (Doc. No. 105.) Judge Shadur denied Defendants' first motions on statute of limitations grounds on August 31, 2010 (Doc. Nos. 168 and 169) and the order limiting discovery to the statute of limitations issue was thereby mooted. At the time Defendants filed their renewed Motions for Summary Judgment in May 2012, a discovery dispute arose and Judge Shadur referred the case to Magistrate Judge Valdez for discovery supervision. Magistrate Judge Valdez issued a scheduling order on June 26, 2012 (Doc. No. 247), and on July 17, 2012 entered an order deciding the discovery disputes between

2

**Error! Unknown document property name.Error! Unknown document property name.**

ACTIVE/ 78676891.1

the parties (Doc. No. 255). The matter was again referred to Magistrate Judge Valdez after the remand from the Seventh Circuit. On August 26, 2014, Magistrate Judge Valdez entered the parties' agreed discovery schedule which set the fact discovery cut-off date as April 1, 2015, and the expert discovery cut-off date as August 14, 2015 (the "Discovery Order"). (Doc. No. 377) The Magistrate also noted in the Discovery Order that "there will be no extensions to the discovery cutoff". *Id.* To date, the parties have (a) exchanged written fact discovery and documents, (b) taken 19 depositions; and (c) received documents from non-parties. One subpoena for documents from Bank of America remains outstanding and the parties anticipate issuing timely document subpoenas to any other witnesses identified as being potential trial witnesses (whether live or via deposition testimony) and to other non-parties.. As contemplated by the Discovery Order, the parties have not yet engaged in expert discovery.

The parties have scheduled additional depositions to take place before the discovery cutoff. Additional depositions of any other witnesses identified by the parties as fact witnesses and witnesses from lending institutions remain to be scheduled. Also outstanding are certain stipulations as to three non-party witnesses. In addition, expert witness depositions will be taken after the exchange of reports. The parties anticipate they will be able to complete discovery according to the current deadline, with the possible exception of two depositions from the Foundation and a few perpetuation depositions that, upon agreement and with permission of the Court, may need to occur beyond the fact discovery cut-off date.

Judge Durkin did not stay discovery from new defendant Foundation, pending resolution of the Motion to Dismiss, but asked the parties to refrain from actively pursuing discovery until he ruled on that Motion. Plaintiffs recently served a request for production of documents on the Foundation and additional deposition(s) may be scheduled relating solely to the claims against the Foundation.

**C.     Summary of all substantive rulings issued in the case.**

Doc. No. 65 (July 10, 2009): The Court denied Defendants' Motion to Dismiss, which sought to dismiss Plaintiffs' First Amended Complaint on the basis that it was barred by the three-year statute of limitations; that the Defendants were not ERISA fiduciaries for the Antioch Company Stock Ownership Plan and could not be liable for breaches of fiduciary duty; and ESOP did not participate in the prohibited transaction.

Doc. No. 105 (October 30, 2009): The Court limited discovery to matters relating to whether any Antioch ESOP fiduciary had knowledge sufficient to trigger ERISA's three year statute of limitations .

Doc. Nos. 138 and 139 (April 19, 2010): The Court denied Plaintiffs' Motion for Leave to File Second Amended Complaint.

Doc. Nos. 168 and 169 (August 31, 2010): The Court denied Defendants' Motions for Summary Judgment finding that the statute of limitations did not bar Plaintiffs' claims and a

**Error! Unknown document property name.Error! Unknown document property name.**

ACTIVE/ 78676891.1

question of fact remained as to whether one of the plan's trustees had knowledge of the alleged breach, and whether he was empowered to act on that knowledge.

Doc. No. 267 (September 12, 2012): The Court granted Defendants' Motions for Summary Judgment finding that Plaintiffs had actual knowledge of the alleged breaches in 2003, and Plaintiffs' claims were therefore barred by the Statute of Limitations.

Doc. No. 360 (May 14, 2014): The Seventh Circuit Court of Appeals reversed Judge Shadur's grant of summary judgment in favor of Defendants, and remanded all claims. The Seventh Circuit found that Plaintiffs did not have actual knowledge of the breaches and summary judgment on statute of limitations grounds was improperly granted.

Doc. No. 375 (August 26, 2014): The Court granted Plaintiffs' Motion for Leave to File Second Amended Complaint, which added new party Defendant, The Morgan Family Foundation.

## III. Trial

### A. Whether there has been a jury demand.

No.

### B. Whether a trial date has been set; if not, the earliest date the parties anticipate being able to commence trial.

The trial is set to begin on November 2, 2015.

### C. Whether a final pretrial order has been filed; if not, whether there is a deadline for filing a final pretrial order.

No final pretrial order has been filed and there is no currently pending deadline for filing a final pretrial order.

### D. Estimated length of trial.

3-5 weeks.

## IV. Settlement and Referrals

### A. Whether any settlement discussions have occurred and the status of any settlement discussions.

The parties participated in a mediation lasting several weeks with the Seventh Circuit mediation office, and have had several subsequent discussions. On December 3, 2014, Plaintiff sent Defendants a post-remand global settlement demand. GreatBanc has not responded. The

4

**Error! Unknown document property name.Error! Unknown document property name.**

ACTIVE/ 78676891.1

Individual Defendants (Morgan, Moran, and Attiken) recently requested that Plaintiffs provide them with a separate settlement demand. Plaintiffs plan to do so in the next week.

    **B.    Whether the parties request a settlement conference at this time before this Court or the Magistrate Judge.**

A settlement conference is currently scheduled with Magistrate Judge Valdez on April 15, 2015 at 2:00 p.m.

    **C.    Whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure.**

The case was assigned to Magistrate Judge Valdez on May 15, 2012 for the limited purpose of discovery supervision. Counsel for the parties have informed their respective clients of the possibility of proceeding before Magistrate Judge Valdez for all purposes, including trial and entry of final judgment, and the parties do not consent to having the Magistrate Judge conduct trial and entry of final judgment or any proceedings other than discovery supervision and the settlement conference.

Dated: February 6, 2015

                                                                Respectfully Submitted,

                                                                 /s/ Gary D. Greenwald
                                                                 Gary D. Greenwald
Keller Rohrback, PLC
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822
ggreenwald@krplc.com


                                               /s/ Julie A. Govreau
Julie A. Govreau
Drinker Biddle & Reath, LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
julie.govreau@dbr.com


                                             /s/ Michael L. Scheier

5

Error! Unknown document property name.Error! Unknown document property name.

ACTIVE/ 78676891.1

>Michael L. Scheier
>Keating Muething & Klekamp PLL
>One E. Fourth Street, Suite 1400
>Cincinnati, OH 45202
>Telephone: (513) 579-6952
>Facsimile: (513) 579-6457
>mscheier@kmklaw.com

6

**Error! Unknown document property name.Error! Unknown document property name.**

ACTIVE/ 78676891.1

## **CERTIFICATE OF SERVICE**

        I hereby certify that on February 6, 2015, I caused true and correct copies of the foregoing **Joint Status Report** to be filed electronically using the Court's CM/ECF system and to thereby be served upon on all registered participants identified in the Notice of Electronic Filing in this matter on this date.

Dated:  February 6, 2015                         __*/s/ Julie A. Govreau*__
                                                                                   Julie A. Govreau

Ruben R. Chapa: chapa.ruben@dol.gov
Danielle M. D'Addesa: ddaddesa@kmklaw.com
Stephen V. D'Amore: sdamore@winston.com
Peter Beck Dolan: dolon.peter@dol.gov
James A. Dyer: jdyer@ssdlaw.com
Gary A. Gotto: otto@krplc.com
Gary D. Greenwald: ggreenwald@kellerrohrback.com
Thomas Frost Hankinson: thankinson@kmklaw.com
Amber M. Justice-Manning: ajustice@kmklaw.com
Kathryn M. Mack: kmack@ssdlaw.com
Brian P. Muething: bmuething@kmklaw.com
Michael S. Pullos: mpullos@winston.com
Michael L. Scheier: mscheier@kmklaw.com
Jon M. Sebaly: jsebaly@ssdlaw.com
Charles R. Watkins: charlesw@dglawfirm.com
Michael D. Woerner: mwoerner@kellerrohrback.com
Anthony M. Verticchio: tverticchio@kmklaw.com
Jacob DeNiro Rhode: jrhode@kmklaw.com
Lori Goetz Heilman: lheilman@kmklaw.com

5918198.1

7

**Error! Unknown document property name.Error! Unknown document property name.**

ACTIVE/ 78676891.1