UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BONNIE FISH, et al.,<br>　　　Plaintiffs,<br><br>　　vs.<br><br>GREATBANC TRUST COMPANY, et al.,<br>　　　Defendants. | Case No. 1:09-cv-01668<br><br>Honorable Jorge L. Alonso<br><br>Honorable Maria Valdez |

**DEFENDANTS LEE MORGAN'S, ASHA MORAN'S, AND
CHANDRA ATTIKEN'S MEMORANDUM IN SUPPORT
OF THEIR MOTION TO EXCLUDE PLAINTIFFS' EXPERTS'
<u>UNTIMELY AFFIRMATIVE OPINIONS AND IMPROPER REPLY OPINIONS</u>**

**I.　　INTRODUCTION**

After having received a series of extensions from Defendants and the Court to do so, Plaintiffs recently served their rebuttal expert reports. For two reasons, portions of these reports are beyond the permitted scope of rebuttal: first, Plaintiffs' experts offer new and untimely affirmative opinions in support of their case in chief and second, Plaintiffs' experts offer improper reply opinions (that is, opinions that do not rebut an affirmative opinion of a defense expert but rather seek to bolster the expert's own affirmative opinion by replying to the defense expert's rebuttal). These opinions are improper under binding precedent. Most important, coming so close to trial, "the prejudice to [the movants] cannot be cured. The problem is a lack of time." *Gilbane Bldg. Co. v. Downers Grove Cmty. High Sch. Dist. No. 99*, 2005 U.S. Dist. LEXIS 43231 (N.D. Ill. Apr. 5, 2005). There is insufficient time for the Defendants and their experts to prepare an additional set of rebuttal reports to the untimely new affirmative opinions because expert depositions are underway, the District Court entered a tight pretrial schedule just

last week [Dkt. 435], and at the last status conference in July informed the parties that the Court cleared its calendar to try this case over a 6 to 7 week period beginning November 2, 2015.

This motion asks the Court to apply Federal Rule 37 and exclude the untimely affirmative opinions and the improper reply opinions because Plaintiffs will be unable to meet its burden that their failure to comply with Rule 26 and the Scheduling Order is "justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 856-57 (7th Cir. 2003).

## II. BACKGROUND

On August 26, 2014, this Court set the expert discovery deadlines as follows:

> The Court hereby enters the parties' agreed discovery schedule: . . . Plaintiffs' expert disclosures and reports to be served by 4/15/15, Defendants' initial and rebuttal expert disclosures and reports by 5/15/15, and Plaintiffs' rebuttal expert disclosures and reports by 6/15/15. Expert discovery cutoff is 8/14/15. In light of the November 2015 trial date, there will be no extensions to the discovery cutoff.

(Dkt. 377.)

Prior to Plaintiffs' 4/15/15 deadline to deliver their experts' affirmative opinions, Plaintiffs asked Defendants to move all expert deadlines back one week. Plaintiffs assured Defendants that this requested extension would not jeopardize the limited time frame for completing expert discovery or the November 2015 trial date. Defendants agreed to this request based on this assurance, and on 4/22/15, Plaintiffs served expert reports with what should be the extent of Plaintiffs' experts' affirmative opinions. Plaintiffs' experts are Robert Reilly, David Weinstock, and Michael Buchanan.[1]

After receiving the Plaintiffs' April Reports, Defendants served subpoenas on Plaintiffs' experts with a response date of 5/11/15 – which would give Defendants' experts sufficient time to review and analyze the information produced in advance of the 5/22/15 deadline for

---

[1] (*See* Reilly Expert Report, attached as Exhibit A, excluding appendices and exhibits due to size; Weinstock Expert Report, attached as Exhibit B; Buchanan Expert Report, attached as Exhibit C (sometimes collectively referred to as ("Plaintiffs' April Reports").

Defendants' rebuttal opinions and any affirmative opinions in support of defenses. Plaintiffs again asked Defendants for an extension – this time until 5/22/15 to respond to the expert subpoenas – which would correspondingly push Defendants' deadline to serve their Defense Reports to 6/1/15, and Plaintiffs' deadline to serve their rebuttal reports to 7/1/15. Plaintiffs again assured Defendants that this requested extension would not jeopardize the remaining time frame for completing expert discovery or the November 2015 trial date. Defendants again agreed based on this assurance. On 6/1/15, Defendants timely served both rebuttal and affirmative opinions from Jeffrey M. Risius, Richard C. May, Harris I. Antoniades (rebuttal only), Gregory K. Brown, and Ralph A. Walkling ("Defense Reports").[2]

As the 7/1/15 deadline to serve their rebuttal reports approached, Plaintiffs asked for a third extension, this time an additional 15 days until 7/16/15. Plaintiffs again assured Defendants that this requested extension would not jeopardize the time frame for completing expert discovery or the November 2015 trial date. Defendants, attempting to be professionally courteous, again agreed based on this assurance. On 7/14/15, two days before their rebuttal reports were due, Plaintiffs asked for an additional extension until 7/31/15 to serve a rebuttal to Mr. Brown's report from a new expert, Samuel "Skip" W. Halpern, and then extended this request until 8/3/15. Once again, Defendants agreed. In other words, by the time Mr. Halpern's report was served, Defendants had consented to five different extensions based on Plaintiffs' agreement that these extensions would not alter the agreed expert deposition schedule nor jeopardize the November 2, 2015 trial date.

---

[2] *See* Risius Expert Report, attached as Exhibit D, excluding appendices and exhibits due to size; May Expert Report, attached as Exhibit E, excluding appendices and exhibits due to size; Antoniades Expert Report, attached as Exhibit F; Brown Expert Report, attached as Exhibit G; Walkling Expert Report, attached as Exhibit H.

On 7/16/15, Plaintiffs served what were supposed to be rebuttal reports from Mr. Reilly, Mr. Weinstock, and Mr. Buchanan. These reports, however, contained more than Plaintiffs' experts' rebuttal to the affirmative opinions offered in the Defense Reports. Rather, these reports offered new affirmative expert opinions (three months past Plaintiffs' deadline) and also improper reply opinions. Similarly, on 8/3/15, Plaintiffs served an expert report from Mr. Halpern that did not only contain a rebuttal to some of Mr. Brown's affirmative opinions – it offered new affirmative expert opinions.[3]

Consistent with Local Rule 37.2, Defendants asked Plaintiffs to consensually withdraw the untimely affirmative opinions and the reply opinions, or to suggest another way to deal with these issues that would not prejudice Defendants or compromise the trial date. (*See* August 7, 2015 letter, attached as Exhibit M.) Defendants followed up with an email on August 13, 2015. (*See* August 13, 2015 email, attached as Exhibit N.) Ten days after Defendants' first outreach, Plaintiffs responded that they would not withdraw the untimely affirmative opinions or reply opinions, but instead suggested that the parties revisit these issues after the close of expert discovery. (*See* August 17, 2015 email, attached as Exhibit O.) The parties were unable to consensually resolve this issue, thus necessitating this Motion. (*See* August 18, 2015 and August 21, 2015 emails attached as Exhibit P.)

### III. <u>LEGAL STANDARD</u>

#### A. **New Affirmative Opinions Offered After The Disclosure Deadline Are Prohibited.**

Federal Rule of Civil Procedure 26(a)(2) provides for expert rebuttal reports in response to initial expert reports solely to refute or rebut evidence disclosed in an adversary's initial

---

[3] *See* Reilly Second Expert Report, attached as Exhibit I; Weinstock Second Expert Report, attached as Exhibit J; Buchanan Second Expert Report, attached as Exhibit K; Halpern Report, attached as Exhibit L ("Plaintiffs' July Reports").

4

report. *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008); *see also* Fed. R. Civ. P. 26(a)(2)(D)(ii).  An expert rebuttal report "may not offer testimony under the guise of 'rebuttal' only to provide additional support for [the] case in chief."  *Ernst, et al. v. City of Chicago*, No. 08 C 4370, 2013 U.S. Dist. LEXIS 127993, *4 (N.D. Ill. 2013).  Although Rule 26(e) requires a party to supplement its expert disclosures, that rule "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report."  *Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10 C 204, 2013 U.S. Dist. LEXIS 85897, *6 (N.D. Ill. 2013).  The bottom line is that "a party cannot advance new arguments for the first time in a rebuttal[.]"  *Ernst,* 2013 U.S. Dist. LEXIS 127993, at *4.

Moreover, Rule 37 provides "a party [that] fails to provide information . . . as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37.  "'[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'"  *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. Gen. Motors Corp*., 150 F.3d 735, 742 (7th Cir. 1998)).

The burden of proof is on the non-movant disclosing party to show the existence of a substantial justification or the harmlessness of its failure to make a timely disclosure.  *Id.*  The Seventh Circuit has provided the following guiding factors for Courts to consider: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Id.* (citations omitted) (internal quotations omitted.)

5

### B. Expert Reply Opinions Are Prohibited Absent Leave of Court.

Rule 26 does not provide for expert reply reports in response to expert rebuttal reports. *Kleen Prods. LLC v. Int'l Paper*, 306 F.R.D. 585, 591 (N.D. Ill. 2015) ("Rule 26 does not address reply expert reports… ."); *Sloan Valve Co.*, at *5 (allowing expert reply reports only where the parties agreed to this mechanism as part of the discovery scheduling order). Rather, a party offering an affirmative expert witness must seek leave from the court to reply to the opposing party's rebuttal expert witness, or must incorporate reply experts into the scheduling order. *See United States v. Portis*, 542 F.2d 414, 417 (7th Cir. 1976); *Kleen Prods. LLC*, 306 F.R.D 585, 591 (stating if a rebuttal report "contains new opinions that are not proper rebuttal testimony, the report must be stricken").

## IV. ARGUMENT

### A. Mr. Reilly and Mr. Halpern's Untimely Affirmative Opinions Should be Excluded From Trial.

In his July 2015 report, Mr. Reilly offers two new affirmative opinions that are untimely.

First, in section D of his July 2015 report, Mr. Reilly purports to "quantif[y] economic damages" related to the so-called "Third Flaw" in the Duff and Phelps analysis. (Reilly Second Expert Report, Exhibit I, at ¶¶ 74-78.) Mr. Reilly, in his original report, specifically stated that he will not offer any such opinion as it relates to his so-called "Third Flaw," and Mr. Risius did not quantify economic damages related to the so-called "Third Flaw" in an affirmative report or in the rebuttal portions of his report – he merely pointed out that "Mr. Reilly's Third Flaw has no damages associated with it; therefore, it is unclear the purpose that it serves in the Reilly Report." (Risius Expert Report, Exhibit D, at ¶ 238.) And Mr. Reilly agrees. He concedes in his July 2015 report that "I did not quantify a damages amount for the Third Flaw in my original report." (Reilly Second Report, Exhibit I, at ¶ 72.) Rather, Mr. Reilly discloses that "legal

6

counsel asked me to quantify an indication of economic damages related to the Third Flaw" three months after the deadline to disclose such an affirmative opinion. (*Id.* at ¶ 73.)

Second, Mr. Reilly opines for the first time in his July 2015 report under a section "Supplemental Evidence" that "the BVI 2002 Report and Prairie 2003 Report overvalued the Antioch common stock." (*Id.* at ¶ 81.) This untimely affirmative opinion was not disclosed in Mr. Reilly's original April 2015 report, and Defendants' experts obviously did not have a fair opportunity to rebut it. (*See* Reilly April Report, Exhibit A.)

In the same way, Mr. Halpern offers a new affirmative opinion nearly four months after the deadline that does not contradict or rebut any of Mr. Brown's affirmative defense opinions. Mr. Halpern opines that the ESOP Advisory Committee members (the Individual Defendants) purportedly "did not observe reasonable standards and practices for monitoring and disclosure by named fiduciaries." (*See* Halpern Expert Report, Exhibit L, at 3, 15-21.) The Plaintiffs disclosed no such affirmative opinion in their original reports delivered to Defendants in April 2015. Moreover, Mr. Brown's report, which contained rebuttal opinions and affirmative opinions, did not contain any opinion as to the ESOP Advisory Committee, or any opinion about the Individual Defendants in their alleged capacities as Committee Members or otherwise. (*See* Brown Expert Report, Exhibit G.) Mr. Brown likewise expressed no opinion as to whether the Antioch Board of Directors or the ESOP Advisory Committee acted customarily in its disclosures to GreatBanc, part of Mr. Halpern's untimely affirmative opinion.

In fact, Mr. Halpern expressly acknowledged that Mr. Brown did not offer any opinion regarding the ESOP Advisory Committee. (Halpern Expert Report, Exhibit L, at 15.)[4] Thus, Mr. Halpern's opinions about the ESOP Advisory Committee cannot be a rebuttal or reply to any

---

[4] Mr. Brown's opinion addressed the Antioch Company's Board of Directors' duty to monitor the ESOP's independent trustee, GreatBanc, arising from the Board's appointment and removal power over the ESOP trustee set out in the Plan.

opinion offered by Mr. Brown. Instead, Mr. Halpern's opinions about the ESOP Advisory Committee are affirmative opinions that should have been disclosed on April 22, 2015 along with Plaintiffs' experts' other affirmative opinions in order to provide Defendants with a fair rebuttal opportunity.

Plaintiffs' untimely disclosure of Mr. Reilly's and Mr. Halpern's affirmative opinions in support of their claims has caused incurable prejudice to the Defendants. (*See* August 7, 2015 letter, attached as Exhibit M.) Given the limited time remaining to complete expert discovery and prepare for trial under the Pretrial Scheduling Order [Dkt. 435], Defendants have no ability "to cure the prejudice" by way of additional rebuttal reports because any attempt to do so will require suspension of the current schedule of expert depositions (which is as tight as it can get already based on Plaintiffs' several extensions), interfere with the Pretrial Scheduling Order, and leave insufficient time to prepare for the November 2, 2015 trial. *Id.* As things stand, counsel and the defense experts are focused on expert depositions every week of September related to the properly and timely delivered opinions. Also, preparations for the November trial have begun in earnest and will consume all of October. There is no time for Defendants to obtain and serve rebuttal opinions to these new affirmative expert opinions, and Defendants should not be forced to bear the expense and have their counsel and their experts distracted at this essential time in the case simply because Plaintiffs failed to follow Rule 26 and this Court's scheduling order by their failure to deliver all opinions in support of their case in chief in April 2015.

The case for exclusion is even greater here because Plaintiffs created the prejudice caused by the limited time between their untimely disclosures and the trial date. Plaintiffs sought many extensions of time to disclose their experts and deliver their opinions. It is these extensions that have caused expert depositions to be conducted on such an expedited basis and so close to trial.

Delaying depositions now to give Defendants and their experts time to evaluate and rebut the untimely affirmative opinions – the only cure for the prejudice – is simply not possible.

The relief Defendants seek is not extraordinary under the Court's precedent. This Court has routinely excluded untimely and improper affirmative expert opinions like the ones Plaintiffs attempt to offer from Mr. Reilly and Mr. Halpern, and should do so in this case. For example, in *Gilbane Bldg. Co. v. Downers Grove Cmty. High Sch. Dist. No. 99*, No. 01 C 6157, 2005 U.S. Dist. LEXIS 43231 (N.D. Ill. Apr. 5, 2005), this Court granted the defendants' motion to strike plaintiff's "supplemental" expert report containing new opinions, finding defendants would be prejudiced if the new opinions were allowed less than four months prior to trial. The Court noted that, like here, there were "just six weeks left for the parties to conduct expert discovery" and stay on track for trial, and the prejudice could not be cured because "[t]he problem is a lack of time." *Id.* at *34-*37. Moreover, as in *Gilbane*, the Defendants "did not create this problem, and they should not be penalized for [Plaintiffs'] delay." *Id.* at *36.

This Court has also struck new expert opinions as untimely and prejudicial where they were submitted months after the deadline for expert disclosures, without any reference to their proximity to trial. *See, e.g.*, *Frerck v. Pearson Educ., Inc.*, No. 11 C 5319, 2014 U.S. Dist. LEXIS 14622 (N.D. Ill. Feb. 6, 2014) (excluding untimely expert report as prejudicial to moving party where it was submitted over two months after the deadline for expert disclosures); *Chamberlain Group v. Interlogix, Inc.*, 2002 U.S. Dist. LEXIS 6998 (N.D. Ill. Apr. 18, 2002) (excluding a new expert witness report submitted over two months after the disclosure deadline and just two months before the close of discovery). *See also Schutter v. Wyeth, Inc.*, No. 05 C 988, 2012 U.S. Dist. LEXIS 127082 (N.D. Ill. Feb. 24, 2012) (citing *David v. Caterpillar, Inc.*,

9

324 F.3d 851, 857 (7th Cir. 2003)) (excluding expert opinion where party did not meet burden of proving good cause for failure to comply with Rule 26 and timely disclose expert opinion).[5]

Because the untimely disclosure of new affirmative opinions has created incurable prejudice to Defendants, the only appropriate remedy is to strike the untimely and improper new affirmative opinions from Mr. Reilly and Mr. Halpern, and preclude Plaintiffs from offering or relying upon them at trial, as in *Gilbane*.

### B. Mr. Buchanan and Mr. Weinstock's Improper Reply Opinions Should be Excluded.

In addition to untimely new affirmative opinions, Plaintiffs also have proffered reply opinions from Mr. Buchanan and Mr. Weinstock that exceed the permissible scope of rebuttal. These opinions improperly respond solely to Defendants' experts' rebuttal opinions – they do not contradict or rebut Defendants' experts' affirmative opinions. For example, in response to Mr. Buchanan's initial report, Mr. Antoniades offered solely rebuttal opinions. (Antoniades Expert Report, Exhibit F, at 3 (noting he was tasked only to offer rebuttal opinions as to whether "it is reasonable and reliable to utilize a time-series model based on the Box-Jenkins/ARIMA approach to forecast CM U.S. gross sales nine years into the future as of December 2003" and "whether Mr. Buchanan's application of [the Box-Jenkins/ARIMA] approach is statistically sound and reliable.")) Mr. Antoniades did not offer a single affirmative opinion for which Plaintiffs had a right to rebuttal. Fed R. Civ. Pro. 26(a)(2)(D)(ii). Mr. Buchanan's July 2015 report therefore consists entirely of impermissible reply material. (*See* Buchanan Second Expert Report, Exhibit K).

---

[5] *Accord, Rowe Int'l Corp. v. Ecast, Inc.*, 586 F. Supp. 2d 924 (N.D. Ill. 2008) (striking portion of expert's declaration because of untimely new opinions); *Hunt v. Northwest Suburban Cmty. Hosp.*, No. 03 C 50250, 2006 U.S. Dist. LEXIS 5183, *7 (N.D. Ill. Feb. 9, 2006) (noting "Rule 26(a)(2) disclosures must be complete . . . [and] this court will strike all opinions not sufficiently referred to in the 26(a)(2) report"); *Baker v. Indian Prairie Community Unit*, No. 96 C 3927, 1999 U.S. Dist. LEXIS 17221 (N.D. Ill. Oct. 26, 1999) (striking new expert opinions and data because opinions were not timely included in initial expert disclosures and reports).

In the same way, all but the final few pages of Mr. Weinstock's July 2015 report consistent of impermissible reply opinions that do not serve to contradict or rebut affirmative opinions offered by Defendants' experts. Indeed, Mr. Weinstock himself candidly describes pages 1-12 of his report as "Responses to Mr. May's **Rebuttal** Opinions." (Weinstock Second Expert Report, Exhibit J, at 1) (emphasis added.) Only pages 12-16 of Mr. Weinstock's July 2015 report are proper "Responses to Mr. May's **Affirmative** Opinions." (*Id.* at 12) (emphasis added.)

Rule 26 and this Court's scheduling order are clear – Plaintiffs have no right to provide such "reply" opinions that do not serve to contradict or rebut affirmative opinions offered by Defendants' experts. *Kleen Prods. LLC v. Int'l Paper*, 306 F.R.D. 585 (N.D. Ill. 2015) ("Rule 26 does not address reply expert reports… ."); *Sloan Valve Co.*, at *5 (allowing expert reply reports only where the parties agreed to this mechanism as part of the discovery scheduling order); *United States v. Portis*, 542 F.2d 414, 417 (7th Cir. 1976) (acknowledging that parties are not entitled to present reply evidence or experts). These improper reply opinions should be excluded.

**V.     CONCLUSION**

For the foregoing reasons, Defendants request that the Court grant the relief requested in the Motion.

Respectfully Submitted,

KEATING MUETHING & KLEKAMP, PLL

By: */s/ Michael L. Scheier*
Michael L. Scheier, Esq.
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
mscheier@kmklaw.com
*Attorney for Defendants Lee Morgan, Asha Morgan Moran, and Chandra Attiken*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 24, 2015, I caused true and correct copies of the foregoing to be filed electronically using the Court's CM/ECF system and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date. This document is available for viewing and downloading on the CM/ECF system.

      /s/ Michael L. Scheier
      Michael L. Scheier

6276064.7