UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BONNIE FISH, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>GREATBANC TRUST COMPANY, *et al.*<br><br>Defendants. | Case No. 1:09-cv-1668<br><br>Honorable Jorge L. Alonso |

**MEMORANDUM IN SUPPORT OF MOTION OF
DEFENDANT MORGAN FAMILY FOUNDATION
TO BIFURCATE TRIAL AS TO CLAIMS AGAINST IT**

**I.    Introduction**

Pursuant to Federal Rule of Civil Procedure 42(b), this Court should grant the motion of Defendant Morgan Family Foundation (the "Foundation") to bifurcate the scheduled November 2, 2015 trial of this action so that Plaintiffs can try their claims against the Foundation separately for the following reasons:

1. Bifurcation is necessary for Plaintiffs to comply with Ohio Revised Code ("O.R.C.") § 109.25, which requires joinder of the Ohio Attorney General (the "OAG") in an action, such as this one, in which Plaintiffs seek distribution of assets from an entity, such as the Foundation, which is an Ohio non-profit company subject to Ohio's charitable trust laws. Without the presence of the OAG in this action, any judgment against the Foundation is void and the Foundation cannot settle. O.R.C. § 109.25;

2. In light of the United States Supreme Court's grant of *certiorari* in *Montanile v. Board of Trustees of the National Elevator Industry Health Benefit Plan*, No. 14-723 (U.S. Mar. 30, 2015), *cert. granted,* to address the scope of the 29 U.S.C. § 1132(a)(3) constructive trust remedy on which Plaintiffs' claim against the Foundation is predicated, bifurcation will assist the parties in properly advancing and defending the claim in light of the decision in *Montanile*, while assisting the Court to properly decide Plaintiffs' claims against the Foundation;

3. Bifurcation of the trial will improve efficiency and reduce costs not only to the parties, but also to the Court because Plaintiffs' claim against the Foundation need not proceed if the other defendants prevail; and,

4. Bifurcation of the trial will eliminate the prejudice to the Foundation resulting from a premature trial of Plaintiffs' claims against the Foundation as to which discovery was not actively pursued through June 12, 2015 at the request of Judge Durkin.

For each of these reasons, which avoid prejudice and effect judicial economy, this Court should grant the Foundation's motion to bifurcate the trial as to Plaintiffs' claims against the Foundation. *See*, *e.g.*, *Chlopek v. Fed. Ins. Co.,* 499 F.3d 692, 700 (7th Cir. 2007); *Vandersteen v. Kelly*, 2010 U.S. Dist. LEXIS 15859, at *4 (N.D. Ill. Feb. 23, 2010).

## II. Background

### A. The Addition of the Foundation As a Party on August 27, 2014

This case began on March 17, 2009, when the individual plaintiffs filed an ERISA fiduciary breach complaint under ERISA §§ 409 & 502(a)(3), *codified at* 29 U.S.C. §§ 1109 & 1132(a)(3), against GreatBanc Trust Company ("GreatBanc") in its capacity as the former trustee

of the Antioch ESOP, Lee Morgan, Asha Morgan Moran and Chandra Attiken (collectively "Defendants"). (Doc. #1). The Complaint did not name the Foundation a defendant or otherwise make the Foundation a party to this lawsuit.

The individual plaintiffs and Evolve Bank & Trust Company (collectively "Plaintiffs") filed an amended complaint on May 27, 2009. (Doc. #43). The amended complaint did not name the Foundation a defendant or otherwise make the Foundation a party to this lawsuit.

On August 27, 2014, Plaintiffs file its Second Amended Complaint. (Doc. #380). Only in that pleading was the Foundation made a party to this action.

### B. The Parties' August 26, 2014 Scheduling of the Trial Without Participation of The Foundation, Which Was Then Not a Party

Prior to August 26, 2014, Plaintiffs and Defendants, without the participation of the Foundation which was not then a party to this action, negotiated a scheduling order that scheduled *inter alia* the trial for November 2, 2015. (Doc. #377). The court entered in a minute order the "agreed scheduling order" on August 26, 2014. *Id.*

As a non-party, the Foundation did not participate in the scheduling of the trial because it was not added as a party-defendant until August 27, 2014, when the Plaintiffs filed a second amended complaint that added the Foundation as a defendant in the Litigation.

### C. Judge Durkin's Request That Discovery Not Be Actively Pursued as to Plaintiffs' Claims Against the Foundation During the Pendency of the Foundation's Motion to Dismiss

On September 19, 2014, the Foundation filed a motion to dismiss on the ground that the Foundation neither received ESOP assets nor participate in any alleged misconduct. At the request of Judge Durkin, the parties did not pursue active discovery during the pendency of the Foundation's motion as to the claims against the Foundation and its defenses. Joint Status Report at 3 (Doc. #403).

On June 12, 2015, this Court issued an order denying the Foundation's motion to dismiss, holding that "imposing a constructive trust on any funds in MFF's possession that are directly traceable to the 2003 buyout transaction via the Morgan defendants" may be an appropriate remedy under ERISA § 502(a)(3), *codified at* 29 U.S.C. § 1132(a)(3). (Doc. #426). As a result, the Foundation is required to participate in a trial scheduled to commence on November 2, 2015, barely four months after filing its answer, as to which it has not undertaken discovery at the request of the prior presiding judge.

### III. Analysis: This Court Should Bifurcate the Trial As to Plaintiffs' Claims Against the Foundation

Given these facts, bifurcation of the trial is appropriate "[f]or convenience, to avoid prejudice, [and] to expedite and economize" the litigation. Fed. R. Civ. P. 42(b). Bifurcation is particularly appropriate in this case inasmuch as bifurcation will neither prejudice any non-moving party nor violate the Seventh Amendment. *Chlopek v. Fed. Ins. Co.,* 499 F.3d 692, 700 (7th Cir. 2007). In sum, this Court should bifurcate the trial as to Plaintiffs' claims against the Foundation to satisfy the purposes of Rule 42(b) "without incurring any significant cost to judicial efficiency." *Vandersteen v. Kelly*, 2010 U.S. Dist. LEXIS 15859, at *4 (N.D. Ill. Feb. 23, 2010).

As an initial matter, the pleadings are not fully developed because Plaintiffs failed to comply with O.R.C. § 109.25, which requires Plaintiffs to join the OAG in this action, in which Plaintiffs seek the distribution of funds from the Foundation, which is an Ohio non-profit company subject to Ohio's charitable trust laws. Without the presence of the OAG in this action, any judgment against the Foundation is unenforceable and the Foundation cannot settle. O.R.C. §

109.25.[1] This Court should maintain the trial date as to Plaintiffs' claims against Defendants, while bifurcating the trial as to Plaintiffs' claims against the Foundation to allow Plaintiffs to join the OAG for any trial against the Foundation.

No less significantly, the United States Supreme Court's grant of *certiorari* in *Montanile v. Board of Trustees of the National Elevator Industry Health Benefit Plan*, No. 14-723 (U.S. Mar. 30, 2015), *cert. granted,* to address the scope of the 29 U.S.C. § 1132(a)(3) constructive trust remedy on which Plaintiffs' claims against the Foundation is predicated strong supports bifurcation of the trial as to Plaintiffs' claims against the Foundation. Trial of the action after the Supreme Court's decision in *Montanile* will assist Plaintiffs and the Foundation to efficiently present their respective claims and defenses in light of controlling law. No less significantly, bifurcation of the trial of Plaintiffs' claims against the Foundation until after the decision in *Montanile* issues will assist the Court in properly deciding Plaintiffs' claims against the Foundation.

No less significantly, bifurcation of the November 3, 2015 trial will both improve judicial economy and the efficiency of trial, which reducing costs to all parties. First, the Court can determine Plaintiffs' claims against the Defendants without the interference and confusion that involvement of the Foundation will necessarily introduce by the presentation of its defenses that differ substantially from the Defendants' defenses. Second, the Foundation will not need to use charitable assets to defend the Plaintiffs' claims at trial, if the Defendants prevail; to effect its charitable purpose, the Foundation seeks not to expend its assets for litigation costs. Third,

---

[1] No basis exists for asserting that ERISA § 514, *codified at* 29 U.S.C. § 1144, preempts O.R.C. § 109.25 because the Ohio statute does not implicate the operation of an ERISA plan, such as the ESOP, does not require construction of the terms of an ERISA plan to implement, and does not interfere with the relationship between a plan and a participant or beneficiary. *See*, *e.g.*, *Pa. Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n,* 2011 U.S. Dist. LEXIS 45706, 51 Employee Benefits Cas. (BNA) 1688 (N.D. Ill. Apr. 28, 2011).

Plaintiffs will benefit in addressing separate claims in separate trials-in the first trial, Plaintiffs can seek to hold the Defendants liable for fiduciary breaches that do not involve the Foundation; in the second trial, assuming they prevail in the November 2, 2015 trial, Plaintiffs and the Foundation can litigate the commingling issues that impact the availability of a constructive trust and the applicable limitations defenses to Plaintiffs' claims against the Foundation that were filed more than ten years after the occurrence of the alleged fiduciary breaches.

Moreover, bifurcation of the trial will eliminate the prejudice to the Foundation resulting from a premature trial of Plaintiffs' claims against the Foundation as to which discovery was not actively pursued through June 12, 2015 at the request of Judge Durkin. This Court should bifurcate the trial to avoid prejudicing the Foundation by requiring it to participate in a trial in which the other parties, but not it, have actively litigated for six years.

Finally, bifurcation in this action, which the bench (and not a jury) will hear, does not involve the potential for misleading a jury or pose other Seventh Amendment concerns that can weigh against bifurcation. *Chlopek v. Fed. Ins. Co.,* 499 F.3d 692, 700 (7th Cir. 2007). In the absence of these concerns, bifurcation is appropriate.

**IV.     Conclusion**

For the foregoing reasons, this Court should bifurcate the November 2, 2015 trial so that it proceed as to Plaintiffs' claims against Defendants and schedule the trial against the Foundation for shortly after the Supreme Court issues its decision in *Montanile*.

Respectfully submitted,

MORGAN FAMILY FOUNDATION

By: s/Jack F. Fuchs/s
    One of Their Attorneys
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
(513) 352-6741
Facsimile: (513) 241-4771
*Jack.Fuchs@ThompsonHine.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2015, I caused a true and correct copy of the foregoing to be filed electronically using the Court's CM/ECF system and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date. This document is available for viewing and downloading on the CM/ECF system.

By: s/Jack F. Fuchs/s

998771.1