IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

<table>
<tr><td>BONNIE FISH; CHRISTOPHER<br>MINO; MONICA LEE WOOSLEY;<br>LINDA D. HARDMAN;  and<br>EVOLVE BANK & TRUST,</td><td>)<br>)<br>)<br>)<br>)</td><td>No. 09 C 1668</td></tr>
<tr><td>Plaintiffs,</td><td>)<br>)</td><td>Magistrate Judge<br>Maria Valdez</td></tr>
<tr><td>v.</td><td>)<br>)</td><td></td></tr>
<tr><td>GREATBANC TRUST CO.; LEE<br>MORGAN; ASHA MORAN;<br>CHANDRA ATTIKEN; and<br>MORGAN FAMILY<br>FOUNDATION,</td><td>)<br>)<br>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td>Defendants.</td><td>)<br>)</td><td></td></tr>
</table>

## ORDER

This matter is before the Court on Defendants' Motion to Exclude Plaintiffs'

Experts' Untimely Affirmative Opinions and Improper Reply Opinions [Doc. No.

437]. For the reasons that follow, the motion is granted.

## BACKGROUND

The parties' original expert schedule, entered in 2012, provided that both

parties were to disclose their initial expert testimony simultaneously.[1] Their

respective rebuttal experts were also to be disclosed on the same day. (*See* 6/26/12

Minute Order, Doc. No. 247.) The schedule did not include a third round of expert

---

[1] Although Plaintiffs in this case have the burden of proof on most issues, Defendants have
the burden of proof as to an affirmative defense that will come into play if Plaintiffs meet
their *prima facie* case.

reports. On August 26, 2014, the Court entered the parties' agreed amended scheduling order, which shifted the structure of the original: first, Plaintiffs were to disclose their experts and reports; followed thirty days later by Defendants' initial and rebuttal expert disclosures and reports; thirty days after Defendants' reports were disclosed, Plaintiffs' rebuttal expert disclosures and reports were to be served.[2] (*See* 8/2/14 Minute Order, Doc. No. 377.)

After Plaintiffs initial reports were served, Defendants served their reports, which contained both affirmative opinions and opinions that were directly responsive to, and critical of, Plaintiffs' initial reports. The next round of reports contemplated by the schedule was Plaintiffs' rebuttal disclosures. Plaintiffs offered several reports, some of which responded to affirmative material contained in the defense reports, and some of which responded to criticisms leveled at Plaintiffs' initial reports.

Defendants' motion argues that several of Plaintiffs' purported rebuttal expert reports improperly contained new affirmative expert opinions, rather than merely rebuttals to the affirmative opinions contained in the defense expert reports; and/or they constituted improper reply opinions. The main issue before the Court is whether Plaintiffs' responses to the critical reports are allowed by the parties' schedule.

---

[2] The original schedule was extended by a week pursuant to the parties' oral motion, and the internal disclosure dates were further extended by a few weeks through an informal agreement of the parties. The final expert discovery deadline of August 22, 2015 was not affected by the extension of the internal dates.

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 26 provides that the timing and sequence of expert discovery can be set by the court. If no time is specified, the rule contemplates that a party's initial disclosure must be made at least ninety days before the case is ready for trial, and "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Fed. R. Civ. P. 26 (a)(2)(D)(i)-(ii); *see also* Fed. R. Civ. P. 26, advisory committee's note (1993 Amendments) (explaining that "in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue"). "An expert rebuttal report is meant to contradict or rebut evidence disclosed in the initial report, . . . and its proper function is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Kleen Prods. LLC v. Int'l Paper*, 306 F.R.D. 585, 591 (N.D. Ill. 2015) (quoting *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008)) (internal quotations and alterations omitted).

Plaintiffs are correct that expert schedules often include a three-tiered reporting structure, where the party with the burden of proof (usually the plaintiff) discloses its initial report (the "first round"); the opponent discloses a report criticizing the initial report (the "second round"); and the plaintiff then has the opportunity to address the criticisms in a final report (the "third round"). Although a third round of expert reports is not expressly mentioned in the rules, parties may

agree to such reports. *See Kleen Prods. LLC*, 306 F.R.D. at 591; *Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10 C 204, 2013 WL 3147349, at *1 (N.D. Ill. June 19, 2013). The third round report is sometimes referred to as a rebuttal, which has likely led to much of the confusion in this case, because rebuttal more generally refers to the second round report, with the third round report being called a reply. *See, e.g., Sloan Valve*, 2013 WL 3147349, at *1.

The last schedule entered in this case provided that Plaintiffs were to serve their first round reports by April 15; Defendants' initial and rebuttal disclosures (first round and second round) were to be served by May 15; and Plaintiffs' rebuttal expert disclosures and reports were due June 15. The ultimate question for the Court is whether the Plaintiffs' June 15 disclosures were intended to be second round or third round reports, because if they were the former, they cannot respond to criticism.

It is clear from the parties' briefs and oral argument that they had a different understanding of what the expert scheduling order meant by "Plaintiffs' rebuttal expert disclosures and reports." Defendants believe that the rebuttal reports can only respond to their initial, affirmative opinions. Plaintiffs, on the other hand, contend that their rebuttal reports can respond to any material in the defense reports, *i.e.*, both the affirmative opinions and opinions criticizing Plaintiffs' initial reports.

The Court concludes that the June 15 disclosures were intended to be second round reports and therefore can only include opinions critical of Defendants' initial,

or affirmative, reports. First, the schedule provided that each party was to disclose an initial report and a rebuttal report. The timing of Defendants' rebuttal report means that it could only have addressed Plaintiffs' initial report. Nothing in the wording of the agreed scheduling order suggested that the word rebuttal was intended to mean something different in the context of Plaintiffs' rebuttal report. Second, the Court agrees with Defendants that they would be prejudiced if only Plaintiffs were allowed to submit a report addressing criticisms of their initial report. Allowing only one party to disclose a third round report, when both had submitted initial affirmative reports, would be unusual and should have been expressly addressed in the schedule were that the agreed-upon procedure. Third, because third round reports are not expressly authorized, and are only allowed by agreement of the parties, the lack of clarity of the parties' agreement leads to a default finding that they were not to be disclosed in this case. Finally, the Court notes that the original expert schedule contemplated only first round and second round reports, to be submitted simultaneously. While the prior schedule is not dispositive, it does suggest that third round reports were not part of the parties' agreement. The amended schedule is consistent with the original schedule as to the number and description of reports, with a shift in timing being the only change.

Having determined that Plaintiffs' rebuttal reports may only address issues raised in Defendants' initial reports, the Court now turns to the question of which reports are allowed. The rebuttal report of Robert F. Reilly expressly states that it was prepared to rebut defense expert Jeffrey Risius's criticisms of Reilly's initial

report. Similarly, and as Plaintiffs' brief acknowledges, Michael Buchanan's rebuttal report was a reply to Harris Antoniades's critical report; and the bulk of David Weinstock's rebuttal opinion is a response to Richard May's criticisms, rather than his affirmative opinions. To the extent that these reports respond to criticisms, rather than to affirmative opinions, they are barred.

A slightly different issue arises with respect to the rebuttal report of Samuel Halpern. Defense expert Gregory Brown offered an affirmative opinion that the Board of Directors, who appointed the ESOP trustee, acted in accordance with regular and customary practices of a board of directors charged with monitoring an independent trustee. In response, Plaintiffs submitted Halpern's rebuttal report, which in part opined that the Individual Defendants did not observe reasonable standards and practices for monitoring and disclosure by named fiduciaries in performing their duties as members of the ESOP Committee. Defendants argue that this portion of Halpern's report is a new opinion that is not responsive to defense expert Gregory Brown's affirmative opinions. Plaintiffs respond that Brown's opinion related to whether the Individual Defendants breached their fiduciary duties under ERISA, and Halpern's opinion involved the same subject matter. The Court disagrees. The subject matter of Brown's opinion was the duties and actions of the Board of Directors. He made no statements about the actions of the Individual Defendants other than as members of the Board of Directors. The fact that they may or may not have breached duties in their other roles as ESOP Committee members or in any other capacity is not relevant to their duties as

directors. As defense counsel stated in oral argument, it is possible for the Individual Defendants to have fulfilled their legal duties under ERISA as board members but to have breached them as committee members. Therefore, that portion of Halpern's rebuttal report does not contradict or impeach Brown's conclusions, and those new opinions must be stricken. *See Kleen Prods.*, 306 F.R.D. at 591; *see also Paramount Media Group, Inc. v. Vill. of Bellwood*, No. 13 C 3994, 2015 WL 3622768, at *3 (N.D. Ill. June 10, 2015) ("Rebuttal expert testimony . . . must be limited to contradicting or rebutting evidence on the same subject matter identified by another party in its expert disclosures.").

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Exclude Plaintiffs' Experts' Untimely Affirmative Opinions and Improper Reply Opinions [Doc. No. 437] is granted.

**SO ORDERED.**                                **ENTERED:**

**DATE:    September 24, 2015**          _____
                                                                **HON. MARIA VALDEZ**
                                                                **United States Magistrate Judge**