IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE FISH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREATBANC TRUST COMPANY, et al., <br><br> Defendants. | Case No. 09 cv 1668 <br><br> Judge Jorge L. Alonso <br><br> Magistrate Judge Maria Valdez |

**DEFENDANTS LEE MORGAN'S, ASHA MORAN'S,
AND CHANDRA ATTIKEN'S MOTION IN LIMINE TO LIMIT
PLAINTIFFS' USE OF THE SEVENTH CIRCUIT'S *FISH* OPINION AT TRIAL**

Defendants Lee Morgan, Asha Moran, and Chandra Attiken (the "Individual Defendants") request through this Motion *in limine* that the Court limit Plaintiffs' use of the Seventh Circuit's opinion in this matter, *Fish v. GreatBanc Trust Co.*, 749 F.3d 671 (7th Cir. 2014), as described below. This Motion is necessitated by Plaintiffs' repeated misleading and out-of-context use of the opinion, and the Individual Defendants' desire to end this practice so that it cannot contaminate the trial proceedings. Grounds for the motion are set forth in the attached memorandum in support.

Respectfully submitted,

s/Michael L. Scheier
Michael L. Scheier
Brian P. Muething
Anthony M. Verticchio
Jacob D. Rhode
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Phone: (513) 579-6400
Fax: (513) 579-6457
*Counsel for Defendants Lee Morgan, Asha Moran, and Chandra Attiken*

## **MEMORANDUM IN SUPPORT**

Soon after this action was first filed, and before any depositions had taken place, Defendants moved the District Court to limit discovery to their statute of limitations defense. The District Court agreed to circumscribe discovery to this threshold issue as requested, and the parties conducted their discovery accordingly. (*See* Doc. 89, Defs.' Joint Mot. to Limit Discovery; Doc. 105, Minute Entry Granting Mot. to Limit Discovery.) On the limited record that subsequently developed, Defendants moved in May 2012 for summary judgment on the basis that ERISA's three-year statute of limitations and not the six-year statute of repose applied to Plaintiffs' claims and therefore foreclosed them. (*See* Doc. 227, Individual Defs.' Mot. for Summ. J.; Doc. 220, GreatBanc's Mot. for Summ. J.) The District Court found that the three-year statute applied and granted Defendants' Motions The summary judgment was taken up on appeal. (Doc. 267, Opinion and Order Granting Summ. J.)

When this case arrived at the Seventh Circuit, therefore, the appeal was aimed at a discrete, non-merits-based issue, and the record reviewed by the Court was restricted to the limitations-focused discovery that had taken place up to that point.[1] The Seventh Circuit applied *de novo* review to the District Court's judgment, which, as the *Fish* court acknowledged, required it to "consider the factual record in the light most favorable to the plaintiffs and give them the benefit of all conflicts in the evidence and reasonable inferences that may be drawn from the evidence." *Fish*, 740 F.3d at 674. Indeed, after setting out this standard, the Seventh Circuit elaborated, "We do not necessarily vouch for the objective accuracy of all factual statements here, but defendants moved for summary judgment, which requires that we view the

---

[1] The vast majority of merits-based discovery occurred after remand, as approximately 32 new witnesses were deposed by the parties, including 9 expert witnesses.

evidence in this harsh light." *Id.* After providing this warning, the Court proceeded to recite Plaintiffs' version of the facts and theories of the case as set forth in their briefing. *Id.*

Since remand, Plaintiffs have repeatedly glommed onto statements in the *Fish* opinion and misleadingly presented them as findings of the Seventh Circuit, thereby making this Motion necessary. For example, in Plaintiffs' memorandum in opposition to the Morgan Family Foundation's Motion to Dismiss, Plaintiffs state that the Seventh Circuit reversed based upon undisputed facts showing a prohibited transaction, citing a line from the *Fish* opinion stating "[t]he economic substance . . . was that the Plan would buy Antioch stock (indirectly) from the Morgan family and other shareholders." (Pls.' Memo. in Opp., Doc. 390 PAGEID# 15286 (*citing Fish*, 749 F.3d at 675).) In actuality, this passage—contained in the page immediately following the Court's statement that it did not vouch for the accuracy of any statement in the opinion—was merely parroting Plaintiffs' theory from their briefing. (*See* Corrected Appellant Br., Case No. 12-3330, Doc. 21-1 p. 23; Appellant Reply Br., Case No. 12-3330, Doc. 37 p. 9.)

In another example of Plaintiffs' misuse of the *Fish* opinion, they miscited three single-spaced pages from the Court's recitation of the facts as construed in the light most favorable to Plaintiffs in their Motion for Leave to File a Second Amended Complain as if the Seventh Circuit was reciting factual findings from the District Court. (Pls.' Memo. in Support of Mot. for Leave to File Second Am. Compl. *Instanter*, Doc. 372 PAGEID# 14905–14908.)

Normally, the lack of any probative value for appellate court statements made "in the light most favorable to the plaintiffs," giving Plaintiffs "the benefit of all conflicts in the evidence and reasonable inferences that may be drawn from the evidence," *id.*, would be self-evident. But because Plaintiffs continue to cherry-pick statements as if the Seventh Circuit was affirming factual findings made in the District Court, the Individual Defendants now seek to stop

this practice from going any further and from tainting the upcoming trial proceedings. Plaintiffs cannot be allowed to pretend that the Seventh Circuit decided a substantive issue or adopted lower court factual findings on the merits of this case when in fact the Court did no such thing. Instead, the Seventh Circuit reviewed the relatively modest record that existed at that point in the case and applied it to the threshold issue of whether ERISA's three-year or six-year statute of limitations applied to Plaintiffs' claims.

The Individual Defendants request that the Court grant this Motion *in limine* limiting Plaintiffs' use of the Seventh Circuit's *Fish* opinion at trial so as to end their continuing and misleading use of that opinion.

    Respectfully submitted,

    s/Michael L. Scheier
    Michael L. Scheier
    Brian P. Muething
    Anthony M. Verticchio
    Jacob D. Rhode
    Keating Muething & Klekamp PLL
    One East Fourth Street, Suite 1400
    Cincinnati, OH  45202
    Phone: (513) 579-6400
    Fax: (513) 579-6457
    *Counsel for Defendants Lee Morgan, Asha*
    *Moran, and Chandra Attiken*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2015, I caused true and correct copies of the foregoing to be filed electronically using the Court's CM/ECF system and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date. This document is available for viewing and downloading on the CM/ECF system.

>*/s/ Michael L. Scheier*
> Michael L. Scheier

6375600.3