IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE FISH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GREATBANC TRUST COMPANY, et al.,<br><br>    Defendants. | Case No. 09 cv 1668<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge Maria Valdez |

**DEFENDANTS LEE MORGAN'S, ASHA MORAN'S, AND CHANDRA ATTIKEN'S
MOTION IN LIMINE TO EXCLUDE THE EXPERT OPINIONS
BARRED BY THIS COURT'S SEPTEMBER 24, 2015 ORDER**

Individual Defendants Lee Morgan, Asha Moran, and Chandra Attiken (the "Individual Defendants") move the Court *in limine* to exclude all expert opinions barred by this Court's September 24, 2015 Order [Doc. No. 471]. Grounds for the motion are set forth in the attached memorandum in support.

Respectfully submitted,

s/Michael L. Scheier
Michael L. Scheier
Brian P. Muething
Anthony M. Verticchio
Jacob D. Rhode
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Phone: (513) 579-6400
Fax: (513) 579-6457
*Counsel for Defendants Lee Morgan, Asha Moran, and Chandra Attiken*

## MEMORANDUM IN SUPPORT

On August 24, 2015, the Individual Defendants moved to exclude Plaintiffs' untimely affirmative expert opinions and improper reply expert opinions. [Doc. No. 437, 438.] Specifically, the Individual Defendants requested that the Court exclude (i) the new and untimely affirmative opinion from Robert Reilly regarding economic damage calculations as a result of the so-called "Third Flaw" in the Duff and Phelps analysis, (ii) the new and untimely affirmative opinion from Robert Reilly that the BVI 2002 Report and Prairie 2003 Report overvalued Antioch common stock, (iii) the new and untimely affirmative opinion from Samuel Halpern that the Antioch ESOP Advisory Committee allegedly did not observe customary practices for monitoring GreatBanc, (iv) the improper reply opinions from Michael Buchanan that do not rebut or contradict any affirmative opinions offered by Defendants' experts, and (v) the improper reply opinions from David Weinstock that do not rebut or contradict any affirmative opinions offered by Defendants' experts. *Id.*

After briefing and oral argument, Magistrate Judge Valdez granted the Individual Defendants' Motion without limitation, holding that "Defendants' Motion to Exclude Plaintiffs' Experts' Untimely Affirmative Opinions and Improper Reply Opinions [Doc. No. 437] is granted." [Doc. No. 471, at 7.] Magistrate Judge Valdez furthermore held that "[t]he rebuttal report of Robert F. Reilly expressly states that it was prepared to rebut defense expert Jeffrey Risius's criticisms of Reilly's initial report . . . [and] [t]o the extent that [this] report respond[s] to criticisms, rather than to affirmative opinions, [it] is barred." [Doc. No. 471, at 6.]

The Individual Defendants accordingly move *in limine* to highlight the improper expert opinions that should be excluded from evidence at trial.

**Michael Buchanan**

Based on Magistrate Judge Valdez's Order, Michael Buchanan's entire second report [Doc. No. 438-3] and all testimony regarding its contents must be excluded from evidence at trial because it does not rebut or contradict any affirmative opinions offered by Defendants' experts, but solely offers impermissible reply opinions. Magistrate Judge Valdez recognized this uncontested fact, noting "as Plaintiffs' brief acknowledges, Michael Buchanan's rebuttal report was a reply to Harris Antoniades's critical report[.]" [Doc No. 471, at 6.] Plaintiffs should not be permitted to offer Michael Buchanan's second report into evidence at trial nor any testimony regarding its contents.

**David Weinstock**

Pages 1 through the "RESPONSES TO MR. MAY'S AFFIRMATIVE OPINIONS" heading on page 12 of David Weinstock's second report [Doc. No. 438-10] and all testimony regarding their contents must also be excluded from evidence at trial because these pages indisputably constitute "a response to Richard May's criticisms, rather than [to] his affirmative opinions." [Doc. No. 471, 6.] The only portion of David Weinstock's second report which properly responds to affirmative opinions of Defendants' experts, and is therefore not excluded from evidence at trial, is the section entitled "RESPONSES TO MR. MAY'S AFFIRMATIVE OPINIONS," which begins on page 12 and continues until the end of the report. Attached as Exhibit A is a copy of David Weinstock's second report with the portions that are barred by Magistrate Judge Valdez's Order redacted.

**Robert Reilly**

Magistrate Judge Valdez granted without qualification the Individual Defendants' request to exclude Reilly's new and untimely affirmative opinions (i) calculating economic damage calculations as a result of the so-called "Third Flaw" in the Duff and Phelps analysis, and (ii) opining that the BVI 2002 Report and Prairie 2003 Report overvalued Antioch common stock.

[Doc. No. 471, at 1, 7.] Accordingly, paragraphs 69-78 ("Third Flaw" opinion) and paragraphs 79-90 (BVI 2002 Report and Prairie 2003 Report opinion) of Reilly's second expert report [Doc. No. 438-9] and any testimony regarding their contents must be excluded from evidence at trial.

Magistrate Judge Valdez further held, however, that "[t]he rebuttal report of Robert F. Reilly expressly states that it was prepared to rebut defense expert Jeffrey Risius's criticisms of Reilly's initial report . . . [and] [t]o the extent that [this] report respond[s] to criticisms, rather than to affirmative opinions, [it] is barred." [Doc. No. 471, at 5-6.] Indeed, the remainder of Robert Reilly's rebuttal report only responds to criticisms, rather than to affirmative opinions, and therefore the report should be barred in its entirety. On pages 3-4, Reilly offers his summary introduction and "DISCUSSION OF THE RISIUS REPORT CRITICISMS" (¶¶ 1-10), not a rebuttal of any Risius report affirmative opinions. [Doc. No. 438-9.] On pages 5-12 (¶¶ 11-50, "RISIUS REPORT CRITICISMS OF THE FIRST FLAW"), by his own admission Reilly similarly offers only a response to the Risius Report criticisms, not any rebuttal of affirmative opinions: "In this section, I address the Risius Report *criticisms* of (a) my reliance on the Buchanan Report analysis and (b) the industry sources I used to support my First Flaw Analysis." *Id.* at ¶ 11 (emphasis added.) On pages 12-18 (¶¶ 51-68, "RISIUS REPORT CRITICISMS OF THE SECOND FLAW), by his own admission Reilly again offers only a response to the Risius Report criticisms, not any rebuttal of affirmative opinions: "In this section, I respond to the Risius Report *criticism* of my treatment of (a) the repurchase liability and the PPP rights and (b) any cash available to service the repurchase obligation." *Id.* at ¶ 51 (emphasis added.) The remainder of Reilly's second report that is not barred as a new and untimely affirmative opinion are paragraphs 91-113 under the section entitled "SUPPLEMENTAL EVIDENCE." These paragraphs likewise offer an impermissible reply to Risius report criticisms of Reilly's initial report – not a rebuttal to affirmative opinions – and should be barred.

- 5 -

Upon review, Robert Reilly's entire second report constitutes improper new affirmative and reply opinions barred by Magistrate Judge Valdez's Order. The report and any testimony regarding its contents should be excluded from evidence at trial.

**Samuel Halpern**

The Individual Defendants moved to exclude the new and untimely affirmative opinion from Halpern that the Antioch ESOP Advisory Committee allegedly did not observe customary practices for monitoring GreatBanc, and Magistrate Judge Valdez expressly held "that portion of Halpern's rebuttal report does not contradict or impeach Brown's conclusions, and those new opinions must be stricken." [Doc. No. 471, at 7.] Accordingly, the portions of Halpern's report that address this new and improper affirmative opinion and any testimony regarding their contents must be excluded from evidence at trial. Attached as Exhibit B is a copy of Samuel Halpern's report with the portions that are barred by Magistrate Judge Valdez's Order redacted.

Respectfully submitted,

s/Michael L. Scheier
Michael L. Scheier
Brian P. Muething
Anthony M. Verticchio
Jacob D. Rhode
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Phone: (513) 579-6400
Fax: (513) 579-6457
*Counsel for Defendants Lee Morgan, Asha Moran, and Chandra Attiken*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2015, I caused true and correct copies of the foregoing to be filed electronically using the Court's CM/ECF system and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date. This document is available for viewing and downloading on the CM/ECF system.

*/s/ Michael L. Scheier*
Michael L. Scheier

6374734