UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BONNIE FISH, et al.,<br>　　　Plaintiffs,<br><br>　　vs.<br><br>GREATBANC TRUST COMPANY, et al.,<br>　　　Defendants. | Case No. 1:09-cv-01668<br><br>Honorable Jorge L. Alonso<br><br>Honorable Maria Valdez |

**DEFENDANTS LEE MORGAN, ASHA MORAN, CHANDRA ATTIKEN MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING DOL-GREATBANC FIDUCIARY AGREEMENT**

Individual Defendants Lee Morgan, Asha Moran, and Chandra Attiken move the Court *in limine* to exclude any evidence regarding an agreement reached in 2014 between the Department of Labor and GreatBanc Trust Company. Grounds for the motion are set forth in the attached memorandum in support.

Respectfully submitted,

s/Michael L. Scheier
Michael L. Scheier
Brian P. Muething
Anthony M. Verticchio
Jacob D. Rhode
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Phone: (513) 579-6400
Fax: (513) 579-6457
*Counsel for Defendants Lee Morgan, Asha Moran, and Chandra Attiken*

**MEMORADNUM IN SUPPORT**

Plaintiffs have alleged that Defendant GreatBanc Trust Company acted imprudently and breached its fiduciary duty when appointed by the Antioch Company's Board of Directors to provide independent fiduciary services to the ESOP in connection with the 2003 transaction at issue in this case. *See generally* Doc. 380, Plaintiffs' (operative) Second Amended Complaint at ¶ 119 (illustrative example of Plaintiffs' allegations against GreatBanc). Though GreatBanc will not participate in the upcoming trial, its prudence in discharging its independent fiduciary obligations will remain relevant.

ERISA section 404 provides that a fiduciary (as relevant to this motion: GreatBanc) must discharge ERISA duties "with the care, skill, prudence, and diligence *under the circumstances then prevailing*." 29 U.S.C. § 1104 (emphasis added). Plaintiffs have recently suggested that GreatBanc's duties are informed by a 2014 agreement entered into between GreatBanc and the Department of Labor (the "Process Agreement").[1]

The Process Agreement arose out of a case in California concerning a company called Sierra Aluminum. The Department of Labor had sued GreatBanc alleging that it breached its ERISA fiduciary duties in connection with an ESOP-related transaction. *See Solis v. GreatBanc Trust Co., et al*, (C.D. Cal., 5:12-cv-1648-R-DTB). (Notably, the Department of Labor has never attempted to hold any person involved with the 2003 transaction at issue in this case liable for any alleged wrongdoing and the statute of limitations for doing so has long expired.)

GreatBanc's resolution of the Sierra Aluminum litigation was two-fold. First, it agreed to a financial settlement. And, in the words of U.S. Secretary of Labor, Thomas Perez, second "and

---

[1] Plaintiffs' counsel referred to the Process Agreement in questioning Defendants' expert Greg Brown. (*See* Deposition of Gregory Brown, attached hereto as Exhibit A, at 166-173.) And Plaintiffs' expert Samuel Halpern referred to and attached the process agreement to his report. (*See* Expert Report of Samuel Halpern, Doc. 438-12 at, e.g., PAGEID #: 16266, 16268, 16303-16314.)

perhaps more importantly, safeguards will be put in place to protect ESOPs involved in any future GreatBanc transactions." (http://www.dol.gov/opa/media/press/ebsa/EBSA20141043.htm) The Process Agreement was attached to a settlement agreement between the DOL and GreatBanc and filed with the district court. *Solis v. GreatBanc Trust Co., et al*, (C.D. Cal., 5:12-cv-1648-R-DTB) (Doc. 166-1).

The Process Agreement is irrelevant to this Court's consideration of the "circumstances then prevailing" in 2003. The Process Agreement was signed more than a decade after GreatBanc's engagement with respect to Antioch in 2003. And while it may be interpreted to provide an operating standard for trustees other than GreatBanc, there is *no* indication that it was intended by GreatBanc, the DOL, or anyone else to apply retroactively. Indeed, all of the evidence is to the contrary.

For example, in the settlement agreement to which the Process Agreement is attached, GreatBanc agreed "to begin to implement the policies and procedures in Attachment A of this Settlement Agreement immediately after the Effective Date of the Settlement Agreement and in any event, will implement them within no later than ninety (90) days after the Effective Date of the Settlement Agreement." *Id*. at Doc. 166-1 (PAGEID #:3454). In other words, the policies and procedures were not ones GreatBanc or the Department of Labor thought were then-in effect but something needing to be "implement[ed]."

The comments of top Department of Labor officials in the press release announcing the Process Agreement are in accord. There, as noted above, Secretary Perez stated that the Process Agreement put in place policies to apply "in any *future* GreatBanc transactions." *See* http://www.dol.gov/opa/media/press/ebsa/EBSA20141043.htm (emphasis added). In the same spirit, Assistant Secretary of Labor for Employee Benefits Security Phyllis C. Borzi remarked

3

that the industry should "take notice of the protections *put in place* by this agreement." *Id*. The only reasonable interpretation is that the applicable policies and procedures were not previously in effect—they were not the "circumstances then prevailing" in 2014 (to say nothing of 2003)—but to be "put in place" in 2014.[2]

Besides the fundamental unfairness of using a 2014 agreement to judge conduct in 2003 when the statute demands consideration of the "circumstances then prevailing," the Process Agreement was clearly intended by the DOL to govern *future* conduct of GreatBanc. It is thus irrelevant and prejudicial in this matter and should be excluded. *See* Fed. R. Ev. 401, 402, 403.

Respectfully submitted,

s/Michael L. Scheier
Michael L. Scheier
Brian P. Muething
Anthony M. Verticchio
Jacob D. Rhode
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Phone: (513) 579-6400
Fax: (513) 579-6457
*Counsel for Defendants Lee Morgan, Asha Moran, and Chandra Attiken*

---

[2] A recent presentation at an American Bar Association conference was entitled "It's a New World For ESOPs: The DOL/GreatBanc Fiduciary Process Agreement and Recent Court Decisions." (http://www.willamette.com/pubs/presentations3/brown_aba_oct14.pdf) The panelists included Ted Becker (counsel to GreatBanc in the Sierra Aluminum case that yielded the Process Agreement as well as in this case), a trial attorney from the DOL, and Chip Brown, a colleague of Plaintiffs' damages expert in this case. The agreement being heralded as a "new world" by these parties with diverse perspectives is hardly consistent with relevance more than ten years back.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2015, I caused true and correct copies of the foregoing to be filed electronically using the Court's CM/ECF system and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date. This document is available for viewing and downloading on the CM/ECF system.

/s/ Michael L. Scheier
Michael L. Scheier

6375293.1