UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE FISH, CHRISTOPHER MINO, MONICA LEE WOOSLEY, LINDA D. HARDMAN and EVOLVE BANK & TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>GREATBANC TRUST COMPANY, LEE MORGAN, ASHA MORAN, CHANDRA ATTIKEN and MORGAN FAMILY FOUNDATION,<br><br>Defendants. | Case No. 1:09-cv-01668<br><br>Honorable Jorge L. Alonso<br><br>Honorable Magistrate Maria Valdez |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS LEE MORGAN, ASHA MORAN, AND CHANDRA ATTIKEN'S MOTION IN LIMINE TO LIMIT PLAINTIFFS' USE OF THE SEVENTH CIRCUIT'S *FISH* OPINION AT TRIAL**

Defendants have moved in limine to "Limit Plaintiffs' Use of the Seventh Circuit's *Fish* Opinion at Trial" (Docket No. 496) (the "Motion"). The Motion should be denied for (at least) three reasons: *first,* the Motion does not seek to exclude any evidence, and is therefore simply not a proper motion in limine; *second*, the Motion seeks a remedy – in effect, a gag order – which is both unnecessary and improper in the context of this bench trial; and *third*, the Motion fails substantively insofar as it is premised upon a misconstruction of the Seventh Circuit opinion and a misstatement of Plaintiffs' prior citation to it. At base, the Motion seeks to prohibit Plaintiffs' counsel from interpreting and arguing controlling authority from the Seventh Circuit's opinion *in this case*. This extraordinary proposition has no basis in any motion, much less a motion in limine

1

**ARGUMENT**

Initially, the Motion should be denied because it does not seek the exclusion of any evidence. A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial *evidence* before the *evidence* is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (emphasis added). Evidence should not be excluded before trial unless it is clearly "inadmissible on all potential grounds." *Gage v. Met. Water Reclamation Dist.*, 365 F.Supp.2d 919, 926 (N.D. Ill. 2005) (*citing Luce*, 469 U.S. at 41 n. 4). The Motion, however, is simply not directed at any *evidence*. Rather, Defendants request that the court "limit Plaintiffs' use of the Seventh Circuit's opinion in this matter" purportedly for the purpose of "end[ing] their continuing and misleading use" of it. Motion at 1, 4. As the Motion is not directed at any actual evidence, then, it is simply inappropriate as a motion in limine. And the Motion certainly does not show that the Seventh Circuit's opinion is somehow "inadmissible on all potential grounds" (whatever that would mean here).

This leads to the second reason why the Motion should be denied: the relief sought by Defendants is both unnecessary and inappropriate – to say nothing of vague and knottily indeterminate. It is unclear what relief, precisely, Defendants seek, aside from "limiting" Plaintiffs' use of the opinion. And if the Motion were granted, it is unclear how such a gag order could be worded and implemented. Are Plaintiffs' to be barred from referring to or arguing the law of the case? A strange result indeed. Are Plaintiffs to be barred from certain uses of the opinion, or from interpreting and arguing the case law? If so, then what Defendants are really seeking is this court's opinion on the Seventh Circuit's opinion.

Plaintiffs would submit that the Seventh Circuit's *Fish* opinion speaks for itself, and that the court need not issue an opinion on an opinion – or, more to the point, the court need not craft

2

a gag order based upon that opinion on an opinion. Such an exercise would be fraught with problems; but, in any event, the exercise would be an unnecessary endeavor in the context of a bench trial. *See, e.g.*, *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself"); *SmithKlineBeecham Corp. v. Apotex, Corp.*, 247 F.Supp.2d 1011, 1042 (N.D.Ill. 2003) (Posner, J.) ("In a bench trial it is an acceptable alternative to admit evidence of borderline admissibility and give it the (slight) weight to which it is entitled*"), aff'd on other grounds*, 403 F.3d 1331 (Fed. Cir. 2005); *Barna v. United States*, 183 F.R.D. 235, 239 (N.D. Ill. 1998). It is the Court's task to evaluate what weight or applicability to give the Seventh Circuit's opinion. Plaintiffs submit that it is the law of the case, *see Barrett v. Baylor*, 457 F.2d 119, 123 (7th Cir. 1972), but at a minimum, Plaintiffs are certainly entitled to argue and reference the opinion to this Court.

This brings us to the final reason the Motion should be denied. Defendants mischaracterize the Seventh Circuit's opinion in this case when they claim that the "appeal was aimed at a discrete, non-merits-based issue." Motion at 2. But in its 34 page opinion, the Seventh Circuit analyzed at length Plaintiffs' ERISA §§ 404 and 406 claims, including substantial discussions regarding the *merits* of Plaintiffs' claims. *See Fish v. GreatBanc Trust Co.*, 749 F.3d 671, 679-688 (7th Cir. 2014). Indeed, the Seventh Circuit discussed the substantive and procedural elements of Plaintiffs' claims. *See id.* at 680-682. In particular, the Court recognized that:

> The evidence here could support a finding that Duff & Phelps failed to perform an independent assessment because it simply accepted Antioch's July 2003 assumptions regarding the company's projected repurchase liability . . . Plaintiffs have offered evidence that GreatBanc Trust . . . committed its own procedural error by relying unreasonably and uncritically on Duff & Phelps's analysis to justify approval of the transaction.

*Fish*, 749 F. 3d at 682.

Defendants claim, nevertheless, that Plaintiffs have "glommed" on to the *Fish* opinion and used it improperly. Motion at 3. Even taken at face value, Defendants' grievance is directed at only two filings – Plaintiffs' Opposition to the Morgan Family Foundation's Motion to Dismiss, which was filed over a year ago in early October 2014, and Plaintiffs' Motion for Leave to File a Second Amended Complaint, which is of even older vintage, having been filed in August 2014.

Setting aside the tardiness of re-litigating these issues, there was plainly nothing objectionable in Plaintiff's use of the *Fish* opinion in opposing Defendants' Motion to Dismiss. Quite to the contrary: As Defendants note, the Seventh Circuit in *Fish* was tasked with reviewing the summary judgment granted in their favor. Motion at 3. That task required construing the evidence in favor of the non-moving party. The standard applicable to Defendants' Motion to Dismiss – while not the same – was not entirely dissimilar: "When the complaint contains well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to a right to relief." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Referring to the Seventh Circuit's opinion was quite logical under these circumstances. And, in any event, Plaintiffs are plainly entitled to cite to and to make arguments based on the Seventh Circuit's opinion, and to argue the undisputed facts underpinning it.

Defendants' complaint with Plaintiffs' Motion for Leave to File a Second Amended Complaint is even more baffling – in fact, it is downright incomprehensible. There, Plaintiffs merely incorporated the Seventh Circuit's opinion as a *summary of the background facts*. There is no reason – in either law or logic – why Plaintiffs could not or should not refer to the Seventh

4

Circuit's summary of the basic background of this case. It is efficient and it makes sense. There is no reason to re-write something that is already cogently written.

In short, Defendants' complaints with Plaintiffs' citations to the Seventh Circuit opinion are simply frivolous. And the Motion as a whole is entirely improper as a motion in limine and unnecessary under the circumstances. Plaintiffs therefore respectfully request that the Motion be denied.

DATED this 22nd day of October, 2015.

KELLER ROHRBACK L.L.P.

By: */s/ Gary A. Gotto*
Gary A. Gotto
Gary D. Greenwald
James A. Bloom
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822
ggotto@kellerrohrback.com
ggreenwald@kellerrohrback.com
jbloom@kellerrohrback.com

KELLER ROHRBACK L.L.P.
David J. Ko
3201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
dko@kellerrohrback.com

GUIN STOKES & EVANS, LLC
Charles R. Watkins
321 South Plymouth Court, Suite 1250
Chicago, Illinois 60604
Telephone: (312) 878-8391
Facsimile: (312) 263-2942
charlesw@gseattorneys.com

SEBALY SHILLITO + DYER
James Dyer
Jon M. Sebaly
Kathryn M. Mack
40 North Main Street
1900 Kettering Tower
Dayton, Ohio 45402
Telephone: (937) 222-2500
Facsimile: (937) 222-6554
jdyer@ssdlaw.com
jsebaly@ssdlaw.com
kmack@ssdlaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2015, I caused true and correct copies of the foregoing to be filed electronically using the Court's CM/ECF system and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date. This document is available for viewing and downloading on the CM/ECF system.

By:   */s/ Gary A. Gotto*