UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BONNIE FISH, et al., <br>     Plaintiffs, <br><br> vs. <br><br> GREATBANC TRUST COMPANY, et al., <br>     Defendants. | Case No. 1:09-cv-01668 <br><br> Honorable Jorge L. Alonso <br><br> Honorable Maria Valdez |

## DEFENDANTS' MEMORANDUM REGARDING TESTIMONY OF RICHARD WISER

### I. PRELIMINARY STATEMENT

Plaintiffs wish to have Richard Wiser, who is represented by Plaintiffs' counsel, testify in this matter via direct video link from Texas. They can do so only upon showing "good cause in compelling circumstances and with appropriate safeguards[.]" Fed. R. Civ. P. 43(a).

To meet this exacting standard Plaintiffs have stated that Mr. Wiser is unable to travel. Defendants accepted this representation without question when it was first presented. But defense counsel recently received a copy of an email Mr. Wiser wrote to Defendant Asha Moran in which he described a recent trip he took to Yellowstone in August, a then-planned trip to Mexico for mid-October, and a Caribbean cruise planned for November.

In light of Mr. Wiser's clear ability to travel, which we have only realized in connection with briefing this issue in the past days, we have been forced to reassess our position on this issue. While we previously agreed to the accommodation of a trial deposition, that was before we realized Mr. Wiser travels frequently, including out of the country. In light of that, there is no cause to do anything other than accepted methods of trial examination. Certainly Plaintiffs have not carried their substantial burden to depart from accepted trial procedure (particularly when Plaintiffs' counsel represents Mr. Wiser) – the same procedure used for every other witness in

this case. Mr. Wiser should either appear at trial in person or have his existing videotaped deposition played for the Court.

## II.  RELEVANT BACKGROUND

Though he was not an employee of or affiliated with the Antioch Company at times relevant to this case, Plaintiffs identified Richard Wiser as a person they intended to call as a witness in support of their claims. Defense counsel and one of the Defendants, Ms. Moran, traveled to Texas in March to depose Mr. Wiser. Mr. Wiser testified for a full day under questioning from both Plaintiffs and Defendants. His testimony was videotaped. He is, in these regards, just like every other witness who resides outside of the Court's subpoena power.

Mr. Wiser was equivocal when asked during his deposition if he intended to testify live at trial. He testified that he was unaware he could refuse to attend the trial. (Doc. 558 (Richard Wiser Dep.) PAGEID# 25733, at 129:4–130:11.) And when asked if he would attend trial if no one could compel him to do so, he testified, "I will have to think." (*Id.*) In retrospect, and in light of the current dispute, it appears Mr. Wiser was on the fence about his willingness to testify in person at trial as far back as March.

In early September Plaintiffs asked Defendants to consent to allowing Mr. Wiser to testify from Texas and have his testimony transmitted to the Court in Chicago. Mr. Wiser, Plaintiffs said, was unable to travel to the trial because he provided care for his ill mother-in-law. Defendants expressed concern about this proposal because it was unorthodox, of dubious appropriateness under the Federal Civil Rules, and presented logistical difficulties.

The parties first raised this issue with the Court on September 9. Plaintiffs represented to the Court a different explanation that day, specifically that Mr. Wiser "has some health issues and some personal commitments that make it difficult for him to actually attend trial." (*See* 9/9/15 Tr. at 20:5–7 attached as Exhibit A.) Counsel and the Court then engaged in discussion

over the issue on the assumption that Mr. Wiser was too ill to travel. (*Id*. at 20:2–22:15.) The parties further discussed the issue without resolution so the issue was brought back to the Court on October 7. Plaintiffs' counsel informed the Court that "The witness [Mr. Wiser] lives in the Dallas area and there are difficulties associated with travel." (*See* 10/7/15 Tr. at 14:5–6, attached as Exhibit B.) On October 21 Plaintiffs' counsel said that Mr. Wiser could not travel to Chicago to testify "because of his health issues and the elderly parent that he's caring for in Texas[.]" (*See* 10/21/15 Tr. at 43:4–5, attached as Exhibit C.)

Defense counsel were recently provided, by Asha Moran, an email from Mr. Wiser to Ms. Moran dated August 12, 2015. The email is attached as Exhibit D. In the email Mr. Wiser states that his wife, not him, is caring for her mother (who, the email says, is in good health for her age). And Mr. Wiser told Ms. Moran of an active travel schedule: He stated that he and his family visited Yellowstone for five days in mid-August and that he planned to travel to Mexico in mid-October and on a Caribbean cruise in November.

### III.  ARGUMENT

The permissibility of testifying via transmission is governed by Fed. R. Civ. P. 43(a), which provides that:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. **For good cause in compelling circumstances and with appropriate safeguards**, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R.Civ. P. 43(a) (emphasis added). The 1996 Advisory Committee Notes provide that "[t]ransmission **cannot be justified merely by showing that it is inconvenient** for the witness to attend the trial." *Id.* Fed.R.Civ.P. 43(a) (1996 Advisory Committee Notes) (emphasis added).

3

Seventh Circuit courts are in accord. The Seventh Circuit itself has stated "[v]ideo conferencing . . . is not the same as actual presence, and it is to be expected that the ability to observe demeanor, central to the fact-finding process, may be lessened in a particular case by video conferencing." *Thornton v. Snyder*, 428 F.3d 690 (7th Cir. 2005). In *McCloud v. Goodyear Dunlop Tires N.A*., No. 04-1118, 2007 U.S. Dist. LEXIS 54974 (C.D. Ill. July 30, 2007), the plaintiff moved to have three out-of-state fact witnesses testify at trial via video conference. The court noted the Seventh Circuit's skepticism of video conference testimony. The court found that, as "the only reason for videoconferencing put forward by Plaintiff [was] inconvenience, [the Court would] not allow the relevant witnesses . . . to testify remotely." *Id*.

*SEC v. Yang*, No. 12 C 2473, 2014 U.S. Dist. LEXIS 42580 (N.D. Ill. Mar. 30, 2014) (Kennelly, J.) is similar to this case. There the defendant moved for a new trial, based on the trial court's decision to not permit one of the defendant's fact witnesses to testify via video conference. *Id*. at *5. The court noted that the defendant "was fully aware during the discovery process that . . . [the witness] lived in China," and thus "he fully knew there was a chance she would not appear at trial." *Id*. at *5. The court noted, disfavorably, that the defendant "did not take steps to secure her testimony prior to trial," instead waiting "until the eleventh hour and [bringing] up the issue of video testimony for the first time in an unsupported oral request at the final pretrial conference." *Id*. The court noted that the defendant changed his story on the justification for why the witness could not appear several times. *Id*. at *6. The court denied the defendant's motion for a new trial. *Id*. at *8.

Applying these rules, Plaintiffs can only depart from the rule requiring live testimony "for good cause in compelling circumstances." The only "cause" they have advanced is Mr. Wiser's claimed inability to travel. But even if this established cause – it does not, it is the mere

4

"inconvenience" said to be insufficient – Mr. Wiser's email to Ms. Moran describes an active travel schedule and an obvious ability to travel.[1] Like *Yang*, Plaintiffs grounds for "cause" have shifted and indeed now seem unsubstantiated. Indeed the facts here are far weaker for remote testimony because here Plaintiffs have already examined Mr. Wiser and have a mechanism (his deposition) for introducing his testimony. And Mr. Wiser has engaged Plaintiffs' counsel to represent him in his capacity as a witness in this case. The record developed at his deposition shows that he has had frequent communication with Plaintiffs' counsel about the facts, and that he worked with Plaintiffs' experts in preparing their reports. In fact, Plaintiffs successfully argued to Judge Valdez that declarations they drafted for Mr. Wiser were protected by attorney-client privilege.

To be clear, while defense counsel have had disputes with Plaintiffs' counsel that come from mutual zealous advocacy, we believe them to be ethical attorneys who are not seeking a remote deposition for strategic reasons or because Mr. Wiser now refuses to willingly come to Chicago. But it does appear that through miscommunication, changed circumstances, or that Mr. Wiser misstated his situation, (or something different altogether) what was said to be cause for remote testimony is not that at all.

Defendants will, of course, do whatever the Court orders. But given our belief, based on Mr. Wiser's email that defense counsel did not have when this issue first arose, that Mr. Wiser is able to travel, Defendants no longer believe that a deposition compromise approach is appropriate; Defendants would be committing themselves to time and cost for no apparent reason (other than Mr. Wiser's convenience). Rather, Defendants submit that the Court should deny

---

[1] The only other reason proffered is a need to provide care for his mother-in-law. But the email to Ms. Moran states that she is in good health for her age and he is not principally providing care for her anyway. Nor does it explain why Mr. Wiser has been able to travel so extensively for leisure but cannot travel to Chicago – for as few as 8 hours – for trial of this matter.

5

Plaintiffs' request for any type of remote testimony or a trial deposition when both sides have already deposed Mr. Wiser in a time split agreed to by counsel. This would not be prejudicial to Defendants since Mr. Wiser's video could be played just like every other remote witness in this case.

Respectfully Submitted,

KEATING MUETHING & KLEKAMP, PLL

By: /s/ *Michael L. Scheier*
    Michael L. Scheier
    Brian P. Muething
    Anthony M. Verticchio
    Jacob D. Rhode
    One East Fourth Street, Suite 1400
    Cincinnati, Ohio 45202
    mscheier@kmklaw.com
    bmuething@kmklaw.com
    averticchio@kmklaw.com
    jrhode@kmklaw.com
    Attorneys for Defendants Lee Morgan,
    Asha Morgan Moran, and Chandra Attiken

## CERTIFICATE OF SERVICE

    I hereby certify that on October 30, 2015, I caused true and correct copies of the foregoing to be filed electronically using the Court's CM/ECF system and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date. This document is available for viewing and downloading on the CM/ECF system.

                                                      /s/ Michael L. Scheier
                                                      Michael L. Scheier

6404135.2