UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BONNIE FISH, et al.,<br>    Plaintiffs,<br><br>vs.<br><br>GREATBANC TRUST COMPANY, et al.,<br>    Defendants. | Case No. 1:09-cv-01668<br><br>Honorable Jorge L. Alonso<br><br>Honorable Maria Valdez |

**NOTICE OF DEFENDANTS' OBJECTION TO PLAINTIFFS' UNPLED 406(b) CLAIM**

Defendants Lee Morgan, Asha Moran, and Chandra Attiken serve their notice of objection, pursuant to Federal Rule of Civil Procedure 15(b), relating to Plaintiffs' intention to pursue a prohibited transaction claim pursuant to ERISA section 406(b) or related to a transaction in 2004.

For six years, this case has been about a tender offer transaction the Antioch Company initiated in 2003. Plaintiffs' recent trial brief (Doc. 523) unsurprisingly is almost entirely addressed to that transaction. But the trial brief also has a section that alleges, for the first time in this case, that Plaintiffs will attempt to establish liability against Defendants based on an alleged prohibited transaction – occurring in 2004 – that is said to have violated section 406(b). (*See* Doc. 523 at 27, PAGEID #: 20528.)

There is no doubt that this claim is outside Plaintiffs' operative Second Amended Complaint. (*See* Doc. 380.) Consider the facts section of the SAC. The first 90 paragraphs allege facts relating to the conception, negotiation, and closing of the 2003 Transaction. The only remaining fact section is headed "Post-Transaction Impact of the Amended 100% ESOP Transaction" and contains allegations as to how Plaintiffs believe the 2003 Transaction affected

the Company after the transaction. Notably absent from this post-2003 section, however, is even a single factual allegation, even tangentially, relating to the decision by the Antioch Board of Directors to amend the ESOP to use ESOP cash to fund certain repurchase obligation payments in 2004, which is now the basis for the supposed prohibited transaction in 2004. In other words, though Plaintiffs now allege that the decision to use the ESOP's assets to fund the repurchase obligation in 2004 constitutes a prohibited transaction, allegations about this decision are entirely absent from their Complaint.

The prohibited transaction claim in Count Two of Plaintiffs' SAC similarly relates only to the 2003 Transaction and not to anything in 2004. Count Two alleges that the "Amended Transaction [the SAC's term for the 2003 Transaction] was a prohibited transaction" (¶ 129); that "Each of the Defendants caused the ESOP to enter into a prohibited transaction in December 2003." (¶ 130); that GreatBanc breached its duty by approving the Amended Transaction (¶ 132); and that "[a]s a result, the Amended Transaction was a non-exempt prohibited transaction." (¶ 133). Not a word about anything occurring in 2004, not a word about ESOP cash, not a word about satisfying the repurchase obligation.

In sum, the conclusion should be obvious that this newly asserted "2004 prohibited transaction" claim is outside the pleadings.

Federal Rule of Civil Procedure 15(b) provides that a party must object if an adverse party presents or attempts to present evidence relating to issues not within the pleadings. Defendants, through this pleading, hereby file notice of their objection. And should Plaintiff seek leave to amend the complaint to cure this defect, the Court should not permit the amendment. This case has been ongoing for six years and this issue was raised on the eve trial. Defendants would be prejudiced by any such amendment because Defendants were not put on notice of this

claim in time to develop factual evidence to support a substantive defense, nor did Defendants sponsor any affirmative expert opinion related to this issue on which they most definitely carry the burden of proof and to which Defendants could have sponsored a rebuttal expert. This prejudice cannot be cured this late in the case.

Finally, to be clear, this issue is different than Defendants' recent motion to bar reference to this $60 million as a damages theory. While Defendants continue to believe that Plaintiffs disclosed this damages theory far after it was permissible, there is a substantial difference between using the ESOP's redemption and recycling of ESOP shares put to it in exchange for the $60 million as proof of damages (the issue addressed in the motion in *limine*) and basing an entire claim/theory of liability on this transaction as Plaintiffs now are attempting to do. This out-of-time affirmative claim was identified for the first and only time in Plaintiffs' trial brief filed late Monday this week and has never otherwise not been asserted previously as a substantive claim in this case.

Accordingly, Defendants serve notice that they object to the Plaintiffs pursuing a prohibited transaction claim based on events occurring in 2004.

        Respectfully Submitted,

        KEATING MUETHING & KLEKAMP, PLL


By:   */s/ Michael L. Scheier*
     Michael L. Scheier
     Brian P. Muething
     Anthony M. Verticchio
     Jacob D. Rhode
     One East Fourth Street, Suite 1400
     Cincinnati, Ohio 45202
     mscheier@kmklaw.com
     bmuething@kmklaw.com
     averticchio@kmklaw.com
     jrhode@kmklaw.com
     Attorneys for Defendants Lee Morgan,
     Asha Morgan Moran, and Chandra Attiken

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2015, I caused true and correct copies of the foregoing to be filed electronically using the Court's CM/ECF system and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date. This document is available for viewing and downloading on the CM/ECF system.

/s/ Michael L. Scheier
Michael L. Scheier