UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BONNIE FISH, CHRISTOPHER MINO, MONICA LEE WOOSLEY, LINDA D. HARDMAN and EVOLVE BANK & TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>GREATBANC TRUST COMPANY, LEE MORGAN, ASHA MORAN, CHANDRA ATTIKEN and MORGAN FAMILY FOUNDATION,<br><br>Defendants. | Case No. 1:09-cv-01668<br><br>Honorable Jorge L. Alonso<br><br>Honorable Magistrate Maria Valdez |

## DECLARATION OF RICHARD WISER

1. I am 69 years of age. The facts stated herein are based on my own personal knowledge. I am under no legal disability that would preclude me from testifying, and if called upon to do so, I would testify as set forth in this Declaration.

2. My deposition in this case was taken on March 9, 2015 by Defendants. I had promised Mr. Greenwald (one of the lawyers for Plaintiffs) that I would voluntarily travel to Chicago to attend the trial in this matter. At my deposition, I was asked very few questions by Mr. Greenwald after a long examination by an attorney for Defendants since I planned to come to Chicago.

3. I have read Defendants' Memorandum regarding my testimony filed with the Court on October 30, 2015. I am making this Declaration to clear up some of the Defendants' misunderstandings about the circumstances that have led me to renege on my promise to Mr. Greenwald to come to trial in Chicago to testify.

2251579.1

4. I am not under instructions from my physicians to avoid travel. And while I have in fact traveled for leisure recently, I have been diagnosed with certain medical conditions that make me very mindful of traveling in connection with stressful situations, particularly in light of the episode I experienced during my deposition under questioning from counsel for the Defendants.

5. In addition, my wife and I care for my elderly Aunt and my elderly Mother-in-Law, which makes any of our travel plans tentative at best. My wife and I have had to cancel recent travel plans due to family circumstances, including a trip that was planned in May 2015.

## Medical Conditions

6. I have been diagnosed with a heart arrhythmia, as well as high blood pressure. My conditions are complicated by Type II Diabetes.

7. Both my arrhythmia and high blood pressure are exacerbated under stress. These conditions were exacerbated when I was questioned at the deposition.

8. I am currently under the care of an internal medicine physician; a cardiologist; and an electrophysiologist, or a physician who specializes in electrical aspects of the heart, for my medical conditions.

9. I am currently taking medication to control these issues, including Toprol XL for my arrhythmia and high blood pressure, and Pradaxa as a stroke preventative due to my heart arrhythmia.

10. During the deposition on March 9, I began to experience an irregular heartbeat. I have experienced similar episodes in other stressful situations.

11. During the deposition, I answered questions of the Defendants' counsel, Mr. Scheier, for a considerable amount of time. I answered questions from Mr. Greenwald for a much shorter period of time.

12. In light of the stressful conditions that are inherent in being a witness in a trial, and the irregular heartbeat I experienced during the deposition, I am concerned to be away from the city where my treating physicians who know me and my medical history are located when providing testimony in this matter. But for the promise I made to Mr. Greenwald, I would probably decline to voluntarily testify at this point since I am under no compulsion to do so. But I do feel a responsibility to Mr. Greenwald and the legal process to provide whatever information I have that may be relevant to the issues in this case.

### Family Circumstances

13. In addition to my own medical conditions, my wife and I are responsible for my elderly Aunt and my elderly Mother-in-Law.

14. I am helping to care for and watch out for my Aunt Joanne. She is 84 years old. She suffers from congestive heart failure and dementia. She resides with a caregiver and is now under hospice care. Since her health has deteriorated, I have visited her on a weekly basis and receive updates on her health anywhere from one to three times a week.

15. I am responsible for my Aunt's finances and health care and am the only person who has her power of attorney. She does not have any immediate family and no one else in her extended family is willing or able to care for her.

16. While to my knowledge, my Aunt is not in imminent danger of passing, her health has deteriorated to the point that my wife and I made funeral plans and pre-paid her funeral expenses last week.

2251579.1

17. My Mother-in-Law is also elderly and ill. My wife is her primary caretaker, but I assist as well.

## Summary

18. By asking for an accommodation to have my testimony taken in Dallas, I am in no way trying to inconvenience the Court or the parties to avoid testifying in this matter. Mr. Greenwald asked me to provide testimony to the Court in Chicago about my work at the Antioch Company. I would very much appreciate the opportunity to keep my word to him under the circumstances set out in this Declaration.

19. I understand this case in part involves the methodology and reliability of forecasts made by Antioch's management in 2003. I was brought in to Antioch in 2005 in part to revamp the approach to forecasting sales (and indirectly, forecast financial statements) which had been in place at the Company for many years prior to my arrival. If asked, I can share my observations on the historical data, trends, and forecasts. Understanding this historical information was critical to doing my job to help Antioch make better forecasts in 2005 and beyond.

20. I can also share knowledge about the collapse of Antioch's sales prior to and after my arrival, as well as communications I had with Lee Morgan, Asha Morgan Moran and several Antioch board members about these events

I, Richard Wiser, make the following Declaration pursuant to 28 U.S.C. § 1746 under penalty of perjury that the foregoing is true and correct.

Executed on this ___1___ day of _November_ 2015.

_____
Richard Wiser