UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE FISH, CHRISTOPHER MINO, MONICA LEE WOOSLEY, LINDA D. HARDMAN and EVOLVE BANK & TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>GREATBANC TRUST COMPANY, LEE MORGAN, ASHA MORAN, CHANDRA ATTIKEN and MORGAN FAMILY FOUNDATION,<br><br>Defendants. | Case No. 1:09-cv-01668<br><br>Honorable Jorge L. Alonso<br><br>Honorable Magistrate Maria Valdez |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF OBJECTION TO PLAINTIFFS' UNPLED 406(B) CLAIM**

Defendants return to this Court to seek to prohibit or limit this Court's consideration of an important issue in the case: Defendants' liability in causing the ESOP to use approximately $60-65 million of the ESOP's cash to fund Antioch's repurchase obligation. This attempt to relitigate the Court's denial of Defendants' motion in limine (Doc. No. 497, the "MIL") should be rejected.

### BACKGROUND

In the MIL, Defendants sought to bar consideration of the use of the ESOP's cash to fund Antioch's repurchase obligation as an allegedly late-disclosed damages theory. Plaintiffs explained in their response, Doc. No. 515 (10/22/15) (the "MIL Response"), that this "damages theory" was little more than common sense. The key point here is that the Defendants permitted the *ESOP*'s cash to be used to pay *Antioch*'s debt, without observing any process whatsoever for determining whether this decision was in the best interests of the ESOP. The loss of the ESOP's

1

cash clearly relates to Plaintiffs' overarching claim for damages for breach of fiduciary duty and for prohibited transactions. The Defendants had long been aware of this circumstance, and indeed their own experts had offered it as an example of effective management by Antioch of its repurchase obligation. MIL Response at 5-6.

This feature of Plaintiffs' damages was not only simple – if A's fiduciary causes A's cash to be used to pay B's obligation, A can recover from the fiduciary– it had long been in the case. Plaintiffs reviewed the pleading and disclosure history of the case, showing that this component of the damages had been pled, was disclosed in written discovery, was the subject of fact depositions, and was the subject of expert reports and expert depositions. MIL Response at 4-7. Plaintiffs also reviewed the law under Rule 37 that even if the information had been untimely disclosed, which it had not, exclusion of such information was warranted only if Defendants were surprised or prejudiced. MIL Response at 7-9. *See ADT Security Services v. Lisle-Woodridge Fire Protection District*, 724 F.3d 854 (7th Cir. 2013); *Callpod, Inc. v. GN Netcom, Inc.*, 703 F. Supp. 2d 815, 823 (N.D. Ill. 2010).

Having considered the motion papers and heard oral argument on the matter, the Court denied the MIL last week. Notification of Docket Entry, Doc. No. 526 (10/28/15). The Court specifically held:

> Next is 497, this is the motion to bar or prohibit plaintiff from pursuing untimely damages theory. That motion is also going to be denied. ***I don't believe that there is any surprise to the defense here.*** The plaintiff can argue it. Of course, the defense can argue against it. ***But I don't believe there's any surprise here***. I believe that these numbers were brought up in expert reports. And I agree with the plaintiff regarding the nature of this theory. That is going to be denied.

Oct. 28, 2015 Tr. 18:21-19:4 (emphasis added).

In their current attempt to exclude or limit the Court's consideration of this issue, Doc. No. 590 (10/20/15) (the "Notice"), Defendants shift gears. Conceding that the issue is in the case

as a "damages theory," Defendants now object to the use of the issue as a "theory of liability." Notice at 3. And they shift their focus from Rule 37 to Rule 15(b). *Id.* at 2-3. This use of new labels ("liability theory" vs. "damages theory") and new rules (Rule 15 vs. Rule 37) do not warrant a new outcome. The substance is the same, and the Notice should be overruled.

## ARGUMENT

The Notice adds nothing of significance to the MIL. It should be denied in the first instance because it is simply a re-urging of the MIL in a different procedural guise (and after the deadlines for motions in limine have passed). As such it is simply a motion for reconsideration, and like most such motions, should be denied. Nevertheless, if the Court does turn to the merits of Notice, it should also be denied because the predicate for the relief sought is not met under the facts of this case and the case law under Rule 15(b).

**A.     The Notice Is an Improper Motion for Reconsideration.**

In the Seventh Circuit, as elsewhere, motions for reconsideration are profoundly disfavored. The leading case, cited many times in this District, is *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990). Reconsideration is warranted only when:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Id.* at 1191 (quoting another case).

In this case, Defendants have filed a Notice that seeks no new relief, but rather articulates their argument differently. In both the MIL and the Notice, Defendants' objective is the same: to avoid or limit consideration in this case of the use of the ESOP's cash to satisfy Antioch's repurchase obligations.

3

But Defendants could easily have the raised the grounds they now raise – liability instead of damages, Rule 15 instead of Rule 37 – in their MIL. In fact, Defendants did raise the argument that the use of the cash was not a claim in the case in a deposition objection. In September, Plaintiffs deposed Gregory Brown, one of the defense experts. He was examined at length about the use of the cash in 2004. Brown Depo., Doc No. 565, at 227-31 (9/21/15). Defendants' counsel objected to this line of questioning on the ground, among others, that the issue did not "relate to any claim in this case," *id.* at 230:11-21, and was "not related to any claims in this case." *Id.* at 232:5-14

In effect, Defendants have simply reworded their position as a pretext to ask the Court to reconsider its decision. The similarities between the MIL and the Notice are clear. In the MIL, Defendants claimed that Plaintiffs attempted to "introduce an entirely new damages theory that the Individual Defendants allegedly failed to stop the ESOP from redeeming shares directly from participants using $60–$65 million of ESOP cash." MIL at 1. In the Notice, Defendants similarly contend that "Plaintiffs will attempt to establish liability against Defendants based on an alleged prohibited transaction – occurring in 2004 – that is said to have violated section 406(b)." Notice at 1.

In the language of *Bank of Waunakee*, this Court did not "misunderstand" the MIL, nor did it make an error of "apprehension." It could not have done so, because these arguments were not raised in that motion, and a "motion to reconsider is not an occasion to make new arguments." *Wine & Canvas Development LLC v. Weiser*, 2014 WL 1511674, *1 (S.D. Ind. Apr. 15, 2014). Neither does the Notice point to "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (quoting *Bank of Waunakee*). *Accord Burton v. McCormick*, 2011 WL 1792849 (N.D. Ill. May 11, 2011) (motion to reconsider denied

because no showing that "a party's argument has been misunderstood by the court"); *Spierer v. Rossman*, 2014 WL 1347101 (S.D. Ind. Apr. 4, 2014) (reconsideration inappropriate for "arguing matters that could have been heard during the pendency of the previous motion"). Defendants' Notice, viewed as a motion to reconsider, should be denied.

Alternatively, if the Notice is viewed not as an attempt to seek reconsideration of the denial of the MIL, but as a new motion to limit the issues at trial, then it is simply another motion in limine that could have been, but was not, filed within the Court's briefing schedule. As mentioned above, Defendants' counsel had complained back in September that the use of the cash was not a "claim in the case." Brown Depo., *supra*, at 232, 232.

**B.  Defendants' Citation to Rule 15 Does Not Alter the Result.**

Defendants caption the Notice as an "objection" under Rule 15. They claim that the issue of the use of the ESOP cash is now a "theory of liability" and was not properly pled. Therefore, they claim, it cannot be tried unless the Court permits the pleadings to be amended, and Defendants further claim that the Court should not do so.

Once again, all of this is an argument of form over substance. As was explained in Plaintiffs' Response to MIL, the issue of the use of the ESOP's cash was pled, was disclosed in written discovery, and was the subject of expert reports and testimony. Response to MIL at 4-7. In the face of all this, Defendants complain that however much it may have been disclosed, it was not plead *as a theory of liability*.

The Supreme Court has many times rejected this formalistic approach to pleading, most recently in *Johnson v. City of Shelby*, 135 S. Ct. 346 (2014). There the issue was whether the plaintiff had adequately pled the legal basis for a section 1983 claim. The district court had dismissed the complaint because the plaintiff had not adequately spelled out the elements of such

5

a claim. The Fifth Circuit affirmed. But the Supreme Court unanimously reversed. The Court said: "Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Id.* at 346. The Court quoted with approval Wright and Miller's statement that the Federal Rules of Civil Procedure "are designed to discourage battles over mere form of statement." *Id.* at 346.

And in any event, Defendants' characterization of the Second Amended Complaint is not correct. That pleading describes in detail the events leading up to the 2003 Transaction. Second Amended Complaint, Doc. No. 380, at ¶¶ 40-83 (8/27/14). And it continues in chronological order to describe the baleful effects of that transaction in 2004 and thereafter. *Id.* at ¶¶ 91-109. Defendants claim that the complaint adequately pleads a prohibited transaction claim for 2003, but not for 2004. This ignores that the 2003 Transaction lead inevitably to the 2004 use of the ESOP's cash. In fact, in their opinions on the 2003 Transaction, the defense experts relied in part on the planned use of the cash in 2004. Response to MIL at 5-6. If the 2003 Transaction was a prohibited transaction, as it was, the inevitable and planned follow-up to that transaction, the 2004 use of the cash, was also a prohibited transaction. And, in any event, the issue, both the 2003 Transaction and the 2004 use of the cash, have been the subject of extensive discovery. Response to MIL at 4-7.

Defendants once again argue that they are surprised by the use of cash issue, this time suggesting that Plaintiffs did not include this theory of liability until Plaintiffs' trial brief. Notice at 1. Not only does this ignore the Court's express recognition that "I don't believe there is any surprise here." Oct. 28, 2015 Tr., *supra*, it ignores that on October 12, 2015, consistent with their obligation to do so under the Court's order regarding pretrial deadlines, Plaintiffs provided

6

Defendants with their issues of fact, including the following two issues which Plaintiffs put Defendants on full notice of:

> Whether Defendants Lee Morgan, Asha Morgan Moran, and Chandra Attiken materially modified the 2003 Transaction approved by the trustee to the detriment of the ESOP when they caused or failed to object to the use of ESOP assets to pay for the Company's repurchase obligation following the 2003 Transaction;
>
> Whether Defendants Lee Morgan, Asha Morgan Moran, and Chandra Attiken engaged in a prudent process to determine whether it was in the best interest of the ESOP and its participants to partially satisfy the Company's repurchase obligation by spending $60 million of ESOP assets to repurchase shares put to the Company for $890 per share[.]

Doc. No. 521 at ¶¶ 29-30 (10/23/15). These issues of fact then became part of the Final Pretrial Order entered by the Court. Doc. No. 564 at ¶¶ 29-30 (10/30/15).

To be clear, Plaintiffs do not seek to count the cash twice, once in 2003 and once in 2004. There is a single continuous series of breaches and prohibited transactions: from the structuring of the transaction in 2003, which included the planned use of the cash in 2004, to the actual use of the cash in 2004. It is a single item of damage.

Finally, if the use of the cash in 2004 has not been adequately pled as a theory of liability, Rule 15(b)(1) provides the remedy. The rule is quite specific:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting part fails to satisfy the court, that evidence would prejudice that party's action or defense on the merits.

The case law on Rule 15 underscores that the concern here, as with exclusion under Rule 37, is surprise and prejudice, not technicalities. "If it is clear that the parties understand exactly what the issues are when the proceedings are had, they cannot thereafter claim surprise or lack of due process because of alleged deficiencies in the language of particular pleadings. ***Actuality of notice there must be, but the actuality, not the technicality, must govern.***" 6A Wright & Miller,

Federal Practice and Procedure § 1491 at 7 (2010 & Supp. 2015) (quoting with approval *Kuhn v. Civil Aeronautics Board*, 183 F.2d 839 (D.C. Cir. 1950)) (emphasis added).

As has been shown, in this case there has been "actuality of notice." The use of the cash is fairly in the case. Even if the Court were to view that use through the lens of a theory of lability rather than a theory of damage, it is an issue that has been disclosed and discovered, and no one, least of all Defendants, who have affirmatively argued that the use of the cash was a badge of prudence, will be prejudiced by litigating it in this case.

## CONCLUSION

For these reasons, Defendants' "Notice of Objection to Plaintiffs' Unpled 406(B) Claim," Doc. No. 590, should be overruled.

DATED this 3d day of November, 2015.

KELLER ROHRBACK L.L.P.

By: */s/ Gary A. Gotto*
Gary A. Gotto
Gary D. Greenwald
James A. Bloom
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822
ggotto@kellerrohrback.com
ggreenwald@kellerrohrback.com
jbloom@kellerrohrback.com

GUIN STOKES & EVANS, LLC
Charles R. Watkins
321 South Plymouth Court, Suite 1250
Chicago, Illinois 60604
Telephone: (312) 878-8391
Facsimile: (312) 263-2942
charlesw@gseattorneys.com

KELLER ROHRBACK L.L.P.
David J. Ko
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
dko@kellerrohrback.com

SEBALY SHILLITO + DYER
James Dyer
Jon M. Sebaly
Kathryn M. Mack
40 North Main Street
1900 Kettering Tower
Dayton, Ohio 45402
Telephone: (937) 222-2500
Facsimile: (937) 222-6554
jdyer@ssdlaw.com
jsebaly@ssdlaw.com
kmack@ssdlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2015, I caused true and correct copies of the foregoing to be filed electronically using the Court's CM/ECF system and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date. This document is available for viewing and downloading on the CM/ECF system.

By: */s/ Gary A. Gotto*

KELLER ROHRBACK L.L.P.
David J. Ko
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
dko@kellerrohrback.com

SEBALY SHILLITO + DYER
James Dyer
Jon M. Sebaly
Kathryn M. Mack
40 North Main Street
1900 Kettering Tower
Dayton, Ohio 45402
Telephone: (937) 222-2500
Facsimile: (937) 222-6554
jdyer@ssdlaw.com
jsebaly@ssdlaw.com
kmack@ssdlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2015, I caused true and correct copies of the foregoing to be filed electronically using the Court's CM/ECF system and to thereby be served upon all registered participants identified in the Notice of Electronic Filing in this matter on this date. This document is available for viewing and downloading on the CM/ECF system.

By: */s/ Gary A. Gotto*