**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BONNIE FISH, CHRISTOPHER MINO, )
MONICA LEE WOOSLEY, LYNDA D. )
HARDMAN,  EVOLVE BANK AND )
TRUST, )
 )
   **Plaintiff,** )
 )  **No. 09 C 1668**
   **v.** )
 )  **Judge Jorge L. Alonso**
GREATBANC TRUST COMPANY, )
LEE MORGAN, ASHA MORGAN )
MORAN, CHANDRA ATTIKEN, )
MORGAN FAMILY FOUNDATION, )
 )
   **Defendants.** )

## ORDER

   For the reasons set forth below, plaintiffs' motion to admit certain trial exhibits [630] is granted; plaintiffs' motion to rule on limited objections to designated deposition testimony [632] is granted, and the Court makes the rulings set forth below; and defendants' motion to admit deposition designations and associated exhibits [648] is granted in part and denied in part.

## I. PLAINTIFFS' MOTION TO ADMIT CERTAIN TRIAL EXHIBITS

   Although the parties have agreed on the admissibility of the vast majority of exhibits, defendant objects to the admission of the exhibits that are the subject of plaintiffs' motion to admit certain trial exhibits (ECF No. 630), arguing that they are hearsay and should not be admitted for the truth of the matters asserted.  In their memorandum in support of the motion, plaintiffs have grouped the exhibits in question into three categories: (1) exhibits that are non-hearsay because a party-opponent has adopted them by admission; (2) exhibits that are admissible because the declarant has testified about his statements while subject to cross-

examination; and (3) exhibits that are both affirmed by a witness who created them and are records of a regularly-conducted business activity.

Plaintiffs' arguments as to all three categories of evidence are somewhat strained. Some of the exhibits in the first category are only tenuously linked to Lee Morgan or Asha Moran, and some of the exhibits in the second and third categories are not so much affirmed by witnesses as they are simply used by an attorney as a jumping-off point for questioning of the witnesses. However, on close evidentiary calls, it is best to err on the side of inclusion, *United States v. Giles*, 246 F.3d 966, 974 (7th Cir. 2001), and the likelihood of prejudice is slight because, for many of the reasons defendants raise against their admission, these exhibits carry relatively little evidentiary weight. PX-672, PX-736, PX-773, PX 774, PX-787, PX-34, PX-324, PX-361, PX-367, PX-386, PX-521, PX-582, PX-754, PX-818 and PX-433–PX-439 are admitted.

## II. PLAINTIFFS' MOTION TO RULE ON LIMITED OBJECTIONS TO DEPOSITION TESTIMONY

The parties have agreed as to the admissibility of the vast majority of the deposition testimony plaintiffs have offered into evidence, but plaintiffs ask the Court to rule on disputed portions of Barry Hoskins's 2010 deposition and Karen Ng's deposition.

Defendants' objection to the disputed portion of the Hoskins 2010 deposition (234:4-13) is overruled for the reasons given by plaintiffs. (Mot. to Rule on Limited Objections, Ex. A n.1, ECF No. 632-1.)

Plaintiffs' objections to the disputed portions of the Ng deposition (284:5-15; 301:6-304:4) are sustained. The questioning calls for speculation or improper opinion testimony.

2

### III.    DEFENDANTS' MOTION TO ADMIT DEPOSITION DESIGNATIONS AND EXHIBITS

The parties have agreed as to the admissibility of the vast majority of the deposition testimony defendants have offered into evidence.  They seek a ruling from the Court on disputed portions of Wayne Luce's deposition, Malte von Matthiessen's deposition and Kimberlee Lipson-Wilson's deposition.

The objections to portions of Wayne Luce's deposition (31:14-32:14; 54:13-23; 86:9-87:1; 89:10, 89:3-90:2, 90:7-22; 122:18-123:6) are sustained, for the reasons given by plaintiffs. (*See* Mot. to Admit, Ex. A, at 4-6, ECF No. 648-1.)

The objections to portions of Malte von Matthiessen's deposition (42:14-43:1, 43:21-44:5; 44:6-12, 44:15-45:17; 59:18-60:9; 138:21-139:9) are overruled.  This testimony is properly based on von Matthiessen's first-hand observations as a board member and his own understanding, as an outside board member, of what his monitoring role was with respect to the transaction fiduciaries' and advisors' efforts related to the 2003 transaction.  These passages are admitted, except that the passage at 59:18-60:9 is admitted not for evidence of the truth of any outside director's statements but for evidence of the process the Board followed.

The objections to portions of Kimberlee Lipson-Wilson's deposition (78:9-79:5; 130:7-14) are sustained, for the reasons given by plaintiffs.  (*See* Mot. to Admit, Ex. A, at 12, ECF No. 648-1.)

**SO ORDERED.**

ENTERED: September 1, 2016

_____

**HON. JORGE ALONSO**
**United States District Judge**