IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE FISH, CHRISTOPHER MINO, MONICA LEE WOOSLEY, LYNDA D. HARDMAN, EVOLVE BANK AND TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> GREATBANC TRUST COMPANY, LEE MORGAN, ASHA MORGAN MORAN, CHANDRA ATTIKEN, MORGAN FAMILY FOUNDATION, <br><br> Defendants. | No. 09 C 1668 <br><br> Judge Jorge L. Alonso |

## ORDER

The Court withdraws the referral of plaintiffs' motion for attorney fees and costs [785] to the magistrate judge. For the stated reasons, plaintiffs' motion for attorney fees and costs [783] is denied for lack of jurisdiction.

## STATEMENT

Plaintiffs settled with defendant GreatBanc Trust Company ("GreatBanc") on the eve of a bench trial in this matter, which began on November 2, 2015. Plaintiffs' counsel seeks the proceeds of the settlement (the amount of which, plaintiffs' counsel reports, is significantly less than the amount counsel expended in costs while litigating this matter) as an award of attorney fees and/or costs.

On October 20, 2015, plaintiffs and GreatBanc filed a joint stipulation of dismissal, signed by counsel for those parties, which stated that the parties had agreed to dismissal "with prejudice . . . in the proposed form submitted to this Court." (ECF No. 505.) The following

day, at a pretrial status conference, plaintiffs' counsel represented that they would present for the Court's approval a plan of allocation of the settlement proceeds after the conclusion of the upcoming trial, but that they sought immediate entry of the proposed order of dismissal. On October 27, 2015, the Court entered an order, proposed and submitted by the parties, in which it dismissed the action as to GreatBanc with prejudice. (ECF No. 524.)[1]

Because the claims against GreatBanc were dismissed with prejudice, with no retention of jurisdiction by this Court for any purpose, this Court has no jurisdiction to award the settlement proceeds to plaintiffs' counsel in payment of fees and costs. *See Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007) ("[W]hen a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal."); *Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576-77 (7th Cir. 2005) (district court did not retain jurisdiction to resolve an attorney fee issue where the district court had dismissed the case with prejudice, thus terminating federal jurisdiction); *see also Shapo v. Engle*, 463 F.3d 641, 644-46 (7th Cir. 2006) (acknowledging that courts can retain jurisdiction after dismissal pursuant to settlement, but only in cases that are dismissed without prejudice).[2]

The parties apparently did not intend for their proposed order to have this effect; as this Court has noted, plaintiff's counsel represented to this Court, immediately after reaching settlement with GreatBanc, that they intended to present to the Court a plan of allocation of the settlement proceeds after trial. Nevertheless, in light of the dismissal with prejudice and the

---

[1] The Court subsequently ruled for the remaining defendants on the merits (ECF No. 686) and entered judgment in their favor. (ECF No. 687). Plaintiffs filed an appeal, but the parties reached an agreement that resolved all then-outstanding issues including the pending appeal and any bill of costs that the prevailing defendants might file. (ECF No. 778.)

[2] Notably, some of the Seventh Circuit's cases have suggested that the Court can resolve ancillary issues stemming from a settlement even after dismissal with prejudice so long as there is an independent basis for jurisdiction such as diversity of citizenship, *see, e.g., Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002), but in this case, there does not appear to be complete diversity of citizenship. Defendant GreatBanc and plaintiff Monica Woosley are both citizens of Illinois.

above-cited authority, the Court lacks any power to tell plaintiffs or their counsel what to do with the GreatBanc settlement proceeds. To the extent there is any dispute among the parties or their counsel about the matter, the resolution of that dispute will likely depend on the parties' settlement agreement or counsel's representation agreements with their clients, and any issues involving those agreements would be governed by state law.

**SO ORDERED.**

ENTERED: November 16, 2017

_____
**HON. JORGE ALONSO**
**United States District Judge**